The **AMERICAN NATIONAL BANK OF BEAUMONT (now Texas Commerce Bank—Beaumont, n.a.), Appellant,**

v.

**SNEED'S SHIPBUILDING, INC., et al., Appellees.**

No. 09–84–334–CV.

Court of Appeals of Texas, Beaumont.

Dec. 19, 1985.

J. Hoke Peacock, Beaumont, for appellant.

Sidney Farr, Houston, for appellees.

OPINION

BURGESS, Justice.

This litigation arose from a transfer of funds out of an interest bearing certificate of deposit belonging to the bankruptcy estate of Sneed's Shipbuilding, Inc. to a non-interest bearing checking account. The damages sought were the interest that would have been earned had the transfer not been made. The case was submitted to the trial court on a stipulation of facts. The trial court entered judgment against the bank. The bank appeals, bringing forth five points of error.

In September 1976, Sneed's Shipbuilding, Inc. filed a petition in the United States District Court for the Eastern District of Texas, Beaumont Division, seeking to effect a plan of arrangement under Chapter XI of the Bankruptcy Act of 1898. Thereafter, on April 3, 1979, the bankruptcy judge entered an order which required Sneed's to open a checking account at the bank and to deposit $208,708.97. Both the signature of the judge and Sneed's president were to be required on all checks drawn on the checking account. The order further provided that some funds in a savings account were to be transferred into the checking account and the savings account closed. The order then provided for certain disbursements. Finally, the order provided that all remaining sums in the checking account, except $100.00, should be transferred into a 30-day automatically renewable certificate of deposit. The order provided that the certificate of deposit was to be issued in the name of the judge and Sneed's president and that no withdrawals on the certificate of deposit would be permitted without the joint signature of the judge and Sneed's president. All of these actions were accomplished pursuant to the order, so that as of April 12, 1979, there existed a checking account, number 662–247, with a balance of $100.00 and a certificate of deposit, number 5601, with a balance of $238,009.83.[1]

1. The bank was unable to have an automatically       renewable certificate over $100,000.00. The

The next event concerning the certificate of deposit occurred on August 2, 1979, when the judge signed an order authorizing a withdrawal of $17,000.00 and a disbursement of that amount as attorney's fees. The next significant event occurred on January 17, 1980, when the judge orally instructed the bank to withdraw $165,000.00 from the maturing certificate and deposit that sum into a checking account. A bank employee questioned the judge about the requirement that no withdrawals should be made without the joint signatures. The judge responded that he had given the original instructions and thus could change the instructions. The bank then deposited the $165,000.00 into a new checking account, number 662-361. Presumably, the judge made the January 17, 1980 order in anticipation of an order he entered on January 18, 1980, wherein he ordered Sneed's to pay the Internal Revenue Service $164,836.81. The $164,836.81 was subsequently paid to the IRS on February 9, 1981. The damages sought was the interest that would have been earned had the $165,000.00 remained in the certificate of deposit from January 17, 1981 until February 9, 1981.

Sneed's filed suit against the bank alleging breach of contract and negligence. The trial court, in its conclusions of law, found in favor of Sneed's on both theories.

Points of error numbers three and four attack the court's conclusions as to the negligence. The conclusions filed by the trial court, in this regard, state:

"6. The defendant was negligent toward Sneed's Shipbuilding, Inc., and Martin Sneed in transferring without the knowledge of either of them the sum of $165,000 from certificate of deposit 7507 in the joint names of Martin Sneed and Joe D. Huffstutler to checking account No. 662-361 in the names of Joe D. Huffstutler and Martin Sneed without having received any request for such a transfer from with either Martin Sneed or Sneed's Shipbuilding, Inc.

7. The defendant was negligent in not informing either Martin Sneed or Sneed's

bank, therefore, was required to re-new the cer-

Shipbuilding, Inc., about the transfer of the $165,000 described in conclusion 6 above until December of 1980, when the bank for the first time so informed the plaintiffs' attorney."

■ The bank relies on the proposition that they acted as a reasonable bank would have done under the same circumstances. They do not argue, and properly so, that they are entitled to a no negligence finding as a matter of law. This is to say, the bank recognizes they have a duty to exercise ordinary care in dealing with deposits. *See TEX.BUS. & COM.CODE ANN. sec. 4.103* (Vernon 1968). Thus, their complaint must be viewed as alleging no evidence or insufficient evidence on which the court could base its conclusions of negligence. There is glaring evidence that the bank was being extremely cautious with this transaction. The order which started the entire series of events recites this:

"It appearing to the Court that an additional order should be entered to authorize American National Bank, Beaumont, Texas (hereinafter sometimes called 'the Bank'), to open the checking account, issue the certificate of deposit and take the other actions described below in this order, and likewise to authorize the debtor to take the actions described herein; and it further appearing to the Court that the mode of deposit and disbursement of funds described below is in the best interest of the debtor, creditors and all other parties in interest in this proceeding; *and that due to the fact that the Bank has declined to take the actions described below until an order has been entered in this proceeding authorizing those actions*, and that as a result, *the debtor is unable to open* and deposit into *a checking account* at the Bank the sum of $208,708.97 referred to in this Court's order of March 29, 1979, *until this Court has entered an order authorizing the Bank to open such a checking account* and to accept that $208,708.97 sum as a deposit into

tificate with a new number each thirty days.

that checking account, and also authorizing the Bank to take the other actions described in this order;.... (emphasis added)"

Further, the bank was admittedly apprehensive about in the events which occurred on January 17, 1980. The trial court found the bank failed to exercise ordinary care in transferring the $165,000.00 without the knowledge of Sneed's and in failing to inform Sneed's about the transfer. The trial court did not find the bank negligent in simply obeying the judge's order. After requiring a court order initially and having a prior instance where a withdrawal was authorized by written order, the bank certainly should have found it unusual that a withdrawal would be authorized by an oral order.

It was stipulated that the bank never actually informed Sneed's about the withdrawal prior to December 1980, when Sneed's attorney inquired about the principal of the certificate being lowered by $165,000.00. The bank argues that Sneed received constructive notice since the bank was sending monthly statements on the new checking account to the Bankruptcy Court in Tyler, Texas. The trial court rejected this theory and we concur. Further, the bank raises the issue that Sneed was negligent in not paying the IRS as ordered on January 18, 1980, and thus there would have been no lost interest. Contributory negligence is a defense which must be affirmatively plead. *McFadden v. Hale*, 615 S.W.2d 345 (Tex.Civ.App.—Waco 1981, no writ). The bank did not plead it, they only plead a general denial. Thus, it cannot be considered in appeal. *Mosley v. Hardin County S. & L. Assn.*, 602 S.W.2d 82 (Tex.Civ.App.—Beaumont 1980, no writ). The trial court's finding that the bank was negligent is supported by the stipulated facts.[2] Points of error numbers three and four are overruled.

Having upheld the trial court's conclusions as to the negligence, the points of error challenging the other findings are immaterial. *NHA, Inc. v. Jones*, 500

S.W.2d 940 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.). The judgment of the trial court is affirmed.

AFFIRMED.

---

2. The Bank does not challenge the court's finding of proximate cause.