FIRST STATE BANK AND TRUST
COMPANY, CARTHAGE, TEXAS,
and S.L. Holmes, Petitioners,

v.

Wyndel McCARTY et ux., Respondents.

No. C–6261.

Supreme Court of Texas.

May 6, 1987.

Rehearing Denied June 17, 1987.

J.E. Jackson and Robert Underwood, Carthage, for petitioners.

Tom Bankhead, Bankhead, Davis & Davidson, Carthage, for respondents.

PER CURIAM.

Two issues are presented in this case concerning a purported designation of joint tenancy with right of survivorship as to a bank account. The first issue is whether the instrument designating survivorship complied with section 439 of the Texas Probate Code. The second issue involves rendering judgment on appeal without disposing of all causes of action.

Margaret and Wyndel McCarty, devisees under the will of Fannie Holmes Donald, sued First State Bank and Trust Company, Carthage, Texas, for its having surrendered the proceeds of Donald's bank account, at her death, to S.L. Holmes. The bank joined Holmes as a third party defendant, seeking indemnity in the event the McCartys prevailed against the bank. A bench trial resulted in a judgment that the McCartys take nothing, with the trial court holding the Donald bank account to be a valid joint tenancy with right of survivorship vesting in Holmes. This made moot the bank's third party action against Holmes.

On appeal by the McCartys, the judgment of the trial court was reversed and judgment was rendered in favor of the McCartys. 723 S.W.2d 792. Both Holmes and the bank have filed applications for writ of error in this court. Holmes' application is refused, no reversible error. The bank's application is granted. Pursuant to Tex.R.App.P. 133(b), without hearing oral argument, a majority of the court reverses the judgment of the court of appeals as it affects the bank and Holmes, and remands this cause to the trial court.

Fannie Holmes Donald had placed $21,-800 in a savings account in her name with First State Bank and Trust Company. The signature card was signed by Donald and her nephew, S.L. Holmes. Survivorship rights were claimed by Holmes on the basis of an affidavit characterized as hearsay by the court of appeals. Four years after the creation of this account, Fannie Holmes Donald died. Previously, she had willed her entire estate to Margaret McCarty, her adopted daughter, and Margaret's husband, Wyndel. At S.L. Holmes' request,

First State Bank and Trust Company paid the contents of the savings account to him as the survivor of a joint tenancy account.

In their suit against the bank, Wyndel and Margaret McCarty claimed that the account was not a survivorship account and therefore should pass with the remainder of Donald's estate. The court of appeals, in reversing the judgment of the trial court, found that a written agreement necessary to establish a joint tenancy with right of survivorship under section 439(a) of the Texas Probate Code did not exist. The court of appeals, in rendering judgment for the McCartys against the bank and Holmes, failed to acknowledge or address the bank's claim against Holmes.

Rule 81 of the Texas Rules of Appellate Procedure provides in subsection (c) "[w]hen the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, *except when it is necessary to remand to the court below for further proceedings*" (emphasis added). When the court of appeals found for the McCartys, it then became necessary to determine the liability as between the bank and Holmes. Therefore, the court of appeals rendition violated Tex.R.App.P. 81.

We grant the application for writ of error of First State Bank and Trust Company, Carthage, Texas. Pursuant to Tex.R. App.P. 133(b), without hearing oral argument, a majority of this court, because of the conflict in the holding of the court of appeals and Tex.R.App.P. 81, reverses the disposition portion of the judgment of the court of appeals and remands this cause to the trial court so that First State Bank and Trust will be allowed to litigate its claim against S.L. Holmes. The application of S.L. Holmes complaining of the court of appeals' characterization of the savings account is refused, no reversible error.