**BISHOP PETROLEUM, INC.,**
Petitioner,

v.

**RAILROAD COMMISSION OF TEXAS,**
et al., Respondent.

No. C-6671.

Supreme Court of Texas.

May 4, 1988.

Rehearing Denied July 6, 1988.

Lloyd A. Muennink and Richard B. Edgell, Law Offices of Lloyd A. Muennink, Austin, Joe Cannon, Cannon & Simmons, Groesbeck, for petitioner.

Jim Mattox, Atty. Gen., Diane Weidert Morris, Office of the Atty. Gen., Frank Douglass, John W. Camp, Doug J. Dashiell and John Pierce Griffin, Scott, Douglass & Luton, Austin, for respondent.

PER CURIAM.

This case concerns the establishment of a force-pooled gas unit by the Railroad Commission. The Railroad Commission granted an application by Wiggins Brothers, Inc. and others to pool their acreage into an adjacent tract operated by Bishop Petroleum, Inc. On appeal, the district court declared the Commission's order invalid for want of jurisdiction and remanded the case to the Commission with instructions to enter an order dismissing Wiggins Brothers' application for forced pooling. The court of appeals reversed the judgment of the trial court and affirmed the pooling order of the Commission. 736 S.W.2d 724 (1987). Pursuant to Tex.R.App.P. 133(b), we grant Wiggins Brothers' application for writ of error and, without hearing oral argument, reverse and remand in part, and affirm in part the judgment of the court of appeals.

In 1982 a gas well was completed in Freestone County, and a 634.371 acre proration unit, entitled the Bishop Petroleum, Inc.—Eppes No. 1 Gas Unit, was established. The working interest in the tract is owned by Bishop Petroleum. Wiggins Brothers owns the working interest in an adjacent 69.629 acre tract. In October of 1983, and again in February of 1984, Wiggins Brothers offered to pool their acreage into the Eppes No. 1 Gas Unit. Bishop Petroleum rejected these offers.

Thereafter, Wiggins Brothers applied to the Railroad Commission for an order to force-pool its acreage into the Eppes No. 1 Gas Unit. The Commission approved the application and established a new pooled unit incorporating the acreage of Wiggins Brothers into the Eppes No. 1 Gas Unit. Bishop Petroleum filed an original petition in Freestone County appealing the final order of the Commission. Wiggins Brothers intervened as a defendant seeking an accounting of the sums due for their share of production from the new force-pooled unit, as well as attorney's fees and additional relief. The district court set aside the Commission's order, holding that the Commission was without jurisdiction. This judgment rendered Wiggins Brothers' counterclaim moot.

The Railroad Commission and Wiggins Brothers appealed the trial court's ruling. The court of appeals reversed the judgment of the trial court and reinstated the forced pooling order of the Commission. However, the court of appeals refused to remand the case to the district court for trial of Wiggins Brothers' counterclaim. The court of appeals stated that "the record of the hearing before the district court does not reflect that the counterclaim ..., although filed with the clerk, was ever presented to the court and ruled on." 736 S.W.2d at 745. A majority of the court disagrees with this holding of the court of appeals not to remand the case for trial of Wiggins Brothers' counterclaim.

The record shows that Wiggins Brothers urged its counterclaim in open court, and that the trial judge elected to postpone the presentation of evidence on the counterclaim until a ruling was made on Bishop Petroleum's appeal of the forced pooling order. The record also shows that the trial judge considered it unnecessary to hear evidence on Wiggins Brothers' counterclaim unless and until he elected to affirm the Commission's order.

Furthermore, the court of appeals was incorrect in stating that Wiggins Brothers' counterclaim was never ruled on. In construing the scope of trial court judgments

which do not expressly dispose of all parties or claims, this court has enunciated a rule to be applied by appellate courts:

> [W]hen a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered ..., it will be presumed for appeal purposes that the court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.... The rule will be subject to the exception created by *Davis v. McCray Refrigerator Sales Corporation* [136 Tex. 296, 150 S.W.2d 377 (1941)]; but it will apply to ... counterclaims by defendants against the plaintiff....

*Northeast Independent School District v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966).

Wiggins Brothers' counterclaim was an "issue made by the pleadings" that was effectively disposed of following a "conventional trial on the merits." The *Davis* exception mentioned in *Aldridge* is not applicable, as the primary claim in this case was not dismissed, nonsuited or abated. Accordingly, it is incorrect to state that the trial court never ruled on Wiggins Brothers' counterclaim.

Because the court of appeals failed to remand the cause for trial on the issues presented in Wiggins Brothers' counterclaim, its judgment conflicts with our recent decision in *First State Bank & Trust Co., Carthage, Texas v. McCarty*, 730 S.W.2d 656 (Tex.1987).

When the court of appeals found for Wiggins Brothers on its appeal of the trial court's judgment, it became necessary to determine the liability as between Wiggins Brothers and Bishop Petroleum. By failing to remand for consideration of Wiggins Brothers' counterclaim, the court of appeals committed the same error that the court of appeals in *McCarty* committed. Since Wiggins Brothers' counterclaim was presented and preserved for consideration on appeal, the court of appeals' judgment is in conflict with our holding in *McCarty*.

Accordingly, we grant Wiggins Brothers' application for writ of error and a majority of the court reverses the court of appeals' judgment and, without hearing oral argument, remands this cause to the trial court for consideration of Wiggins Brothers' counterclaim.

The applications for writ of error of Bishop Petroleum and the Railroad Commission are denied, and the judgment of the court of appeals is otherwise affirmed.