

**DAN MORALES**
ATTORNEY GENERAL

# Office of the Attorney General
## State of Texas

March 26, 1991

Mr. John R. Hale
Commissioner
Credit Union Department
914 East Anderson Lane
Austin, Texas 78752-0278

Opinion No. DM-10

Re: Termination of a depositor's interest in a joint account by deletion of the depositor's name at the direction of another joint owner (RQ-2190)

Dear Mr. Hale:

You ask if section 440 of the Texas Probate Code authorizes a joint owner of a joint account established with a Texas financial institution to "terminate the interest of another joint owner" by delivering a written order to delete the names of one or more of the other joint owners. Section 440, to which your letter refers, states:

> The provisions of Section 439 of this code to rights of survivorship are determined by the form of the account at the death of a party. *Notwithstanding any other provision of the law, this form may be altered by written order given by a party to the financial institution to change the form of the account or to stop or vary payment under the terms of the account.* The order or request must be signed by a party, received by the financial institution during the party's lifetime, and not countermanded by other written order of the same party during his lifetime. (Emphasis added.)

At issue is the scope of the emphasized language.

Section 440 is part of chapter XI of the Probate Code. That chapter governs "nontestamentary transfers," including joint accounts established with financial institutions (whether or not there is a right of survivorship). *See* H.B. 329, Acts 1979, 66th Leg., ch. 713 at 1740, 1756. Section 438 of the Probate Code provides that during the lifetime of all the parties to a joint account, it belongs "to the parties

in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent." Section 439 of the code specifies the manner in which a right of survivorship to a joint account is established.[1]

The three provisions, sections 438, 439, and 440 of the Probate Code, are limited in their application. Section 437 of the code states:

> The provisions of Sections 438 through 440 of this code that concern beneficial ownership as between parties, or as between parties and P.O.D. [after-death] payees or beneficiaries of multiple-party accounts, are relevant only to controversies between these persons and their creditors and other successors, *and have no bearing on the power of withdrawal of these persons as determined by the terms of account contracts.* (Emphasis added.)

Our reading of the three provisions, together with section 437 above, convinces us that section 440 concerns only a party's directive as to "rights of survivorship." The power given by section 440 to "change the form" is not bestowed upon "one or more of the parties" as is the power of withdrawal allowed by section 444. The section 440 power may be exercised only by "a party," and the written order or request to make the change must be received by the financial institution during that party's lifetime and not countermanded by "the same party during his lifetime."[2] *See also* Prob. Code §§ 443, 448 (protection of financial institutions and discharge from claims).

---

[1]The Texas Supreme Court observed in Stauffer v. Henderson, 801 S.W.2d 858 (Tex. 1990), that section 439 of the Texas Probate Code, "like the other provisions of chapter XI adopted in 1979" was derived from article VI, part 1, of the Uniform Probate Code. 8 U.L.A. 519 *et seq.*, (1983). The provision of the Uniform Probate Code corresponding to section 440 of the Texas code is section 6-105. (Section VI of the Uniform Probate Code was extensively revised in 1989, but only provisions adopted in 1969 influenced the Texas statutes.)

[2]The bill analysis prepared for the legislature by the House Judiciary Committee that drafted the legislation says of section 440:

> The 'owner' of an account providing for rights of survivorship may alter those rights by written notice to the financial institution. House Committee on Judiciary, Bill Analysis, C.S.H.B. 329, 66th Leg. (1979).

The phrase, "this form," in the second sentence of section 440 refers to "the form of the account at the death of a party" by which rights of survivorship are to be determined. That language gives "a party" unilateral power to "change the form of the account or to stop or vary the payment under the terms of the account" only as to rights of survivorship (*i.e.*, to stop or vary payment to particular beneficiaries) which otherwise would be controlled by the original terms of the account contract. *Cf.* McCarty v. First State Bank & Trust Co., 723 S.W.2d 792 (Tex. App.--Texarkana 1987), *modified,* 730 S.W.2d 656 (Tex. 1987) (section 440 notice). The "notwithstanding any other provision of the law" language of section 440 does not suggest otherwise, in our opinion. It is intended to prevent application of the law governing the formalities by which testamentary transfers must be made, and should be read with sections 441 and 450. Those sections reiterate that provisions of deposit agreements and certain other instruments directing that money be paid to a designated person after the death of the owner are "deemed to be nontestamentary" and not invalidated by other provisions of the code. *Cf.* Prob. Code §§ 451, 455 (community property). Section 440 cannot be used by one joint owner to effect termination of the interest in the account of another joint owner.[3]

Thus, in answer to your specific question, section 440 does not authorize one owner of a joint account to unilaterally "change the form of the account" so as to compromise the interest of another joint owner. *See* American Nat'l Bank of Beaumont v. Sneed's Shipbuilding, Inc., 703 S.W.2d 336 (Tex. App.--Beaumont 1985, no writ) (unilateral amendment of joint deposit arrangement); Bus. & Comm. Code § 4.103 (variation by agreement of bank deposit terms). *See generally* Stauffer v. Henderson, *supra;* 9 Tex. Jur. 3d Banks and Other Financial Institutions § 14 at 23 (1980) (national banks and application of state law); 14 Tex. Jur. 3d Contracts §§ 244 *et seq.* at 426 (1980); Joint Tenancy With Right Of Survivorship ("JTWROS") Accounts in Texas: Caveat Depositor!, 51 Tex. B.J. 455 (1988); Money, Money, Who Gets the Money? Or Joint Bank Accounts With Right of Survivorship, 47 Tex. B.J. 237 (1984).

---

[3]A brief submitted to this office argues for a different answer, suggesting that approximately the same result can be achieved if one depositor withdraws the funds and deposits them in another account. This argument overlooks the language and scope of section 440. *Cf.* First Fed. Sav. & Loan Ass'n v. Ritenour, 704 S.W.2d 895 (Tex. App.--Corpus Christi 1986, writ ref'd n.r.e.) (attempt to place "hold" on joint owner's power to withdraw funds); Wright v. Commercial and Sav. Bank, 464 A.2d 1080 (Md. App. 1983) (attempt to delete name of joint owner of account); Annotation, Liability of Bank to Joint Depositor for Removal of Name from Account at Request of Other Joint Depositor, 39 A.L.R. 4th 1112.

You ask a second question about other possible methods of permitting the deletion of a party's name from a joint account, but because of its general and hypothetical nature we are unable to address it.

## SUMMARY

Section 440 of the Texas Probate Code does not allow a party to a joint account to unilaterally terminate the interest of another joint interest.  It permits a change in the contractual terms of the account only as to the disposition to be made of that party's interest in the account following his death.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

SUSAN GARRISON
Acting Chairman, Opinion Committee

Prepared by Susan Garrison
Assistant Attorney General