fischer v. anderson 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-206-CV





ESTERLEEN FISCHER,



 APPELLANT


vs.





THOMAS E. ANDERSON, JR.,


INTERIM STATE COMMISSIONER OF EDUCATION,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT



NO. 91-12751, HONORABLE PETE LOWRY, JUDGE PRESIDING



 




 Appellant Esterleen Fischer appealed a school board decision refusing to hear a
grievance concerning her career ladder status to the State Commissioner of Education pursuant
to section 11.13 of the Texas Education Code. Tex. Educ. Code Ann. § 11.13 (West 1991). The
Commissioner dismissed the appeal, concluding it was an untimely appeal of a career ladder
decision and an untimely appeal to the Commissioner. The trial court affirmed the
Commissioner's decision and Fischer appealed to this Court. In two points of error, Fischer
argues the trial court erred in affirming the Commissioner's decision because the Commissioner
unlawfully dismissed her appeal under section 11.13(a) of the Texas Education Code and under
article I, section 13 of the Texas Constitution. See Tex. Const. art. I, § 13; Tex. Educ. Code
Ann. § 11.13 (West 1991). We will affirm the trial court's judgment.


BACKGROUND


 Fischer was a teacher for many years in the Bartlett Independent School District
("the school district"). She was on level two of the "career ladder" program and, in the spring
of 1988, considered herself eligible for placement on level three of the career ladder. However,
on May 26, 1988, the school district notified Fischer by memo that she had not been selected for
level three of the career ladder. Shortly thereafter, Fischer resigned.

 Under the school district's local policy, Fischer had fifteen days to appeal the
decision regarding her career ladder placement to the school board of trustees. However, Fischer
did not appeal the decision denying her placement on level three until July 2, 1988, more than
thirty-six days after she was notified of the decision. The school board did not take any action
on her appeal. Fischer subsequently filed suit in district court, but the court dismissed her suit
for failure to exhaust her administrative remedies with the Commissioner. Fischer appealed the
district court's decision to this Court, and we affirmed. Fischer v. Bartlett Indep. Sch. Dist., No.
3-90-068-CV (Tex. App.--Austin 1990, no writ) (not designated for publication).

 Finally, Fischer filed her petition for review with the Commissioner on January 14,
1991. The Commissioner dismissed the appeal pursuant to 19 Tex. Admin. Code § 157.14(a)
(1992). (1) In support of the decision to dismiss Fischer's appeal, the Commissioner made three
conclusions of law:



1. Petitioner untimely filed her appeal before the Respondent Board of Trustees.


2. Petitioner untimely filed her appeal before the Commissioner of Education.


3. Petitioner has failed to set forth facts which would support a decision in her
favor. Accordingly, pursuant to 19 T.A.C. § 157.14(a), Petitioner's appeal
is dismissed.


 

 Fischer sought review of the Commissioner's decision in the district court of Travis
County and that court affirmed. Fischer now appeals to this Court for the second time.



DISCUSSION AND HOLDING


 In two points of error, Fischer argues the trial court erred in affirming the
Commissioner's dismissal of her appeal because the Commissioner was required to give her a
hearing under section 11.13(a) of the Texas Education Code (2) and under the "open courts"
provision of Article I, Section 13 of the Texas Constitution. Both in her motion for rehearing to
the Commissioner and on appeal, Fischer argues that the Commissioner abused his discretion in
refusing to consider her arguments that the fifteen-day filing deadline under the school district's
local rules was unreasonably short. However, neither in the motion for rehearing nor on appeal
does Fischer address the Commissioner's conclusion that she untimely filed her appeal before the
Commissioner. (3)

 Before a party may seek judicial review of an administrative agency's decision,
sections 2001.145 and 2001.146 of the Administrative Procedure Act (4) require the party to file a
motion for rehearing with the agency. APA §§ 2001.145, 2001.146; Suburban Util. Corp. v.
Public Util. Comm'n, 652 S.W.2d 358, 364 (Tex. 1983); Railroad Comm'n v. Bishop Petroleum,
736 S.W.2d 724, 736 (Tex. App.--Waco 1987), aff'd in part, rev'd in part on other grounds, 751
S.W.2d 485 (Tex. 1988); Burke v. Central Educ. Agency, 725 S.W.2d 393, 397 (Tex.
App.--Austin 1987, writ ref'd n.r.e.). Any alleged error in the agency's decision must be raised
in the motion for rehearing in order to preserve the error for review. Bishop Petroleum, 736
S.W.2d at 736. Even obvious errors in an agency's ruling are not preserved for appeal unless
first raised in the motion for rehearing. Id. at 739.

 We conclude that Fischer has not preserved for our review any alleged error in the
Commissioner's decision based on the timeliness of her appeal to the Commissioner. Fischer's
arguments in her motion for rehearing assume that the sole basis for the Commissioner's decision
was his conclusion that she untimely filed her appeal before the school board. (5) Fischer does not
address the Commissioner's conclusion that she also untimely filed her appeal before the
Commissioner. She does not argue that such a conclusion was erroneous or that it could not
support the Commissioner's decision. Thus, even if Fischer were correct that the fifteen-day
deadline was unreasonably short and that missing it should not have precluded her appeal to the
Commissioner, that argument does not resolve the matter in Fischer's favor because the
Commissioner's decision must be upheld on other grounds. Accordingly, we do not address
Fischer's arguments regarding the reasonableness of the fifteen-day filing deadline.

 We overrule Fischer's two points of error and affirm the trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith; Chief Justice Carroll 

 Not Participating

Affirmed

Filed: March 9, 1994

Do Not Publish
1.   Section 157.14(a) of the Texas Administrative Code states:


The commissioner may, on his own motion or the motion of a party, dismiss
an appeal without a hearing for the following reasons: compromise;
unnecessary duplication of proceedings; res judicata; withdrawal; mootness;
untimely filing; lack of jurisdiction; failure of a party requesting relief from the
commissioner to set forth facts in the pleadings which would support a decision in
that party's favor; failure to state a claim for which relief can be granted; or
failure to prosecute.


19 Tex. Admin. Code § 157.14(a) (1992) (emphasis added).
2.   Section 11.13(a) states:


Except in cases of student disciplinary actions under Section 21.301 or
21.3011 of this code, persons having any matter of dispute among them
arising under the school laws of Texas or any person aggrieved by the school
laws of Texas or by actions or decisions of any board of trustees or board of
education may appeal in writing to the commissioner of education, who, after
due notice to the parties interested, shall hold a hearing and render a decision
without cost to the parties involved, but nothing contained in this section shall
deprive any party of any legal remedy.


Tex. Educ. Code Ann. § 11.13(a) (West 1991) (emphasis added).
3.   Section 157.9(a) of the Texas Administrative Code states in relevant part:


Except where otherwise provided by law, petitioner shall file with the
commissioner a petition for review within 45 calendar days after the decision,
order, or ruling complained of is first communicated to petitioner . . . .


19 Tex. Admin. Code § 157.9(a) (1992) (emphasis added) (effective Dec. 14, 1988). In the
instant cause, Fischer filed her appeal with the school board of trustees on July 2, 1988, but
did not file her petition for review with the Commissioner until January 11, 1991.
4.   All citations in this opinion are to the current Administrative Procedure Act rather
than the former Administrative Procedure and Texas Register Act, because the recent
codification did not substantively change the law. Act of May 4, 1993, 73d Leg., R.S.,
ch. 268, § 47, 1993 Tex. Gen. Laws 583, 986; Administrative Procedure Act, Tex. Gov't
Code Ann. §§ 2001.001-.902 (West 1994) [hereinafter APA].
5.   In her motion for rehearing, Fischer complains that the Commissioner's decision
violates her state constitutional rights by dismissing her appeal without a hearing
"because the respondent school district utilized an unreasonably short appeal deadline . . .
to foreclose petitioner's possibilities of appeal at the local level." She further argues the
Commissioner's decision is unlawful because "[t]he Commissioner is obligated at least to
determine whether the action of the respondent school district was arbitrary and
capricious in setting the 15-day deadline, and in not granting petitioner a hearing, rather
than just dismissing the appeal based upon petitioner's failure to file a timely appeal at
the local level."