**AFFIRMED and Opinion Filed August 29, 2022**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00597-CV

**STEPHEN LEE HOLLAND, Appellant**
**V.**
**MARIA ELISABETH HOLLAND, Appellee**

**On Appeal from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-18-09635**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Myers

Stephen Lee Holland appeals the trial court's order granting the motion for enforcement of the divorce decree filed by Stephen's former wife, Maria Elisabeth Holland. Stephen brings four issues on appeal contending (1) the trial court erred by not rendering judgment for Stephen on his claim that Maria acted as a debt collector and violated the Texas Finance Code; (2) the enforcement order altered the substantive division of property in the divorce decree; (3) the enforcement order was an unenforceable order for debt; and (4) the trial court erred by not admitting Stephen's exhibit 9. We affirm the trial court's judgment.

# BACKGROUND

On August 9, 2018, the trial court signed the agreed divorce decree. The decree provided that each party "shall pay" half the debt owed on the Kohl's credit card account in the amount of $146.14, half the debt owed on the Citi Double Cash Card account in the amount of "$8556.07 (less the parties['] attorney's fees)," and half the debt owed on the Citi Thankyou Preferred account "in the amount of $4885.96 (less the parties['] attorney's fees)."

Subsequently, Maria filed a motion to enforce the divorce decree alleging Stephen had not paid his share of the debt for the two Citi accounts. She prayed that the trial court order Stephen to pay his share of the debt and the accrued interest.

Stephen's response to the motion to enforce included allegations that Maria's actions in trying to get Stephen to pay his share of the assigned debts violated the Texas Finance Code's provisions concerning debt collection. He requested actual damages, civil penalties, and injunctive relief.

The trial court held a hearing on the motion to enforce. At the hearing, the parties were pro se. The hearing was held remotely via video-conferencing due to the COVID-19 pandemic. Maria testified she had paid the Citi accounts and that Stephen had paid the Kohl's account. The parties testified that Stephen was entitled to credit for paying the Kohl's credit card, paying all of an appraisal fee that the decree ordered was to be paid by both of them, and for Maria's inappropriate withdrawals from the health savings account.

Stephen testified about various documents he had with him, but he did not offer them into evidence, and the trial court did not admit them into evidence.

The trial court rendered judgment at the conclusion of the hearing determining that after giving Stephen credit for his paying the Kohl's account and the appraisal fee and for Maria's inappropriate withdrawals from the health savings account, Stephen owed Maria $2,200 for her paying the Citi accounts.

## STANDARD OF REVIEW OF ENFORCEMENT ORDER

We review a trial court's order on a motion for enforcement under an abuse of discretion standard. *Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 815 (Tex. App.—Dallas 2008, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Hightower v. Baylor Univ. Med. Ctr.*, 348 S.W.3d 512, 517 (Tex. App.—Dallas 2011, pet. denied). A trial court does not abuse its discretion merely because it decides a discretionary matter differently than we would in a similar circumstance. *Id.*

When a trial court makes no separate findings of fact or conclusions of law, we must draw every reasonable inference supported by the record in favor of the trial court's judgment. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). Additionally, "the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence." *Lassiter v.*

–3–

*Bliss,* 559 S.W.2d 353, 358 (Tex. 1977), *overruled on other grounds, Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768 (Tex. 1989); *Hollingsworth*, 274 S.W.3d at 815.

## VIOLATIONS OF THE FINANCE CODE

In his first issue, Stephen contends the trial court erred by not rendering judgment for him on his claim that Maria acted as a debt collector and violated Chapter 392 of the Texas Finance Code, his claim for fraud, and his claim of "equitable subrogation for attorney's fees." Although his stated issue is that we should render judgment for him, his argument is that we should remand his claims to the trial court for trial.

At the beginning of the hearing on the motion to enforce, the court told the parties they each had forty-five minutes to present their respective cases. Appellant testified about the interest charges Maria asked him to pay and her many requests for payment. He also testified his lawyer charged him $900 for responding to Maria's demands for payment she sent to the lawyer. When the trial court told Stephen he had used all his time, he said, "I did not get the chance to even get into the debt collection issue." The trial court's order granting the motion to enforce did not mention Stephen's counterclaim for violations of the Finance Code, and the order did not contain language denying all claims on which relief was not granted.

Stephen argues his claim for violations of the Finance Code should be remanded to the trial court because the trial court did not rule on them. In *Northeast Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex. 1996), the supreme

court held that a judgment following a trial on the merits is usually presumed to have disposed of all claims before the court:

> When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.

*Id.* at 897–98.

Stephen agrees that pursuant to *Aldridge*, the judgment is deemed final with all claims disposed of for purposes of making the judgment final for appeal, but he argues the case should be remanded to the trial court because the final judgment does not expressly or by implication dispose of his claims. Stephen relies on *Bishop Petroleum, Inc. v. Railroad Commission of Texas*, 751 S.W.2d 485 (Tex. 1988) (per curiam), in support of his argument.

*Bishop Petroleum* holds that when there is a counterclaim or third party claim as well as the plaintiff's claim, and the trial court's ruling on the plaintiff's claim moots the other claim, if the court of appeals reverses the trial court's ruling on the plaintiff's claim, the court of appeals must remand the other claim to the trial court. In *Bishop Petroleum*, Wiggins Brothers asked the Railroad Commission to force-pool its acreage into an adjacent tract operated by Bishop Petroleum. *Id.* at 486. Bishop Petroleum opposed the forced pooling, but the Railroad Commission granted it. Bishop Petroleum filed suit against the Railroad Commission to appeal

–5–

the Railroad Commission's forced-pooling order. Wiggins Brothers intervened seeking an accounting from Bishop Petroleum of the sums due to it from the production under the new force-pooled unit. The trial court determined the Railroad Commission lacked jurisdiction to order the forced-pooling, and it set aside the Railroad Commission's order. This mooted Wiggins Brothers' claim for an accounting. The Railroad Commission and Wiggins Brothers appealed the trial court's ruling. The court of appeals disagreed with the trial court's ruling, reversed the judgment of the trial court, and reinstated the forced-pooling order. However, the court of appeals refused to remand the case to the district court for trial of Wiggins Brothers' claim for an accounting. The court of appeals stated Wiggins Brothers' claim was never presented to the trial court and was not ruled on by the trial court. *Id.* The supreme court reversed the court of appeals' decision not to remand Wiggins Brothers' claim. The supreme court stated the claim was presented to the trial court because Wiggins Brothers urged its claim in open court, but the trial court declined to hear evidence on the claim until it ruled on Bishop Petroleum's appeal of the forced pooling order. *Id.* The supreme court also stated that, pursuant to *Aldridge*, the trial court ruled on the claim because there was a judgment that was not intrinsically interlocutory following a trial on the merits. *Id.* at 487. "When the court of appeals found for Wiggins Brothers on its appeal of the trial court's judgment, it became necessary to determine the liability as between Wiggins

–6–

Brothers and Bishop Petroleum," and the court of appeals erred by not remanding Wiggins Brothers' claim to the trial court. *Id.*

This case does not involve a situation like that in *Bishop Petroleum*. Stephen's claims against Maria for violations of the Finance Code were independent of her claim for enforcement of the divorce decree. Thus, Stephen's claims for violations of the Finance Code were not rendered moot by the trial court's finding for Maria on her claim for enforcement of the divorce decree. Moreover, we are not reversing the trial court's ruling for Maria on her motion to enforce the divorce decree. The supreme court's holding in *Bishop Petroleum* is not applicable to this case.

Pursuant to *Aldridge*, when the trial court signed the order on the motion to enforce after a conventional trial on the merits, it ruled on Stephen's counterclaims, and because the court's order did not grant relief on his counterclaims, the court implicitly denied them. *See Azbill v. Dallas Cty. Child Protective Servs. Unit*, 860 S.W.2d 133, 135 (Tex. App.—Dallas 1993, no writ) (when *Aldridge* presumption applies, "[a]ll claims not expressly disposed of are presumed denied."). We overrule Stephen's first issue.

## CLARIFICATION OF THE DIVORCE DECREE

In his second and third issues Stephen contends the trial court erred by clarifying the divorce decree. In his second issue, he contends the trial court erred by clarifying the decree to provide that "Maria Holland is given a partial credit for

interest." In the third issue, he contends the trial court erred by clarifying the decree because the clarification was not enforceable by contempt.

The Family Code contains two provisions for clarification of a divorce decree, sections 9.006 and 9.008. *See* FAM. §§ 9.006, .008 Section 9.006 permits the trial court to "render further orders to enforce the division of property made or approved in the decree of divorce or annulment to assist in the implementation of or *to clarify* the prior order." FAM. § 9.006(a) (emphasis added).

Section 9.008 governs clarification orders rendered to make the order enforceable by contempt. That section provides:

> (a) On the request of a party or on the court's own motion, the court may render a clarifying order before a motion for contempt is made or heard, in conjunction with a motion for contempt or on denial of a motion for contempt.
>
> (b) On a finding by the court that the original form of the division of property is not specific enough to be enforceable by contempt, the court may render a clarifying order setting forth specific terms to enforce compliance with the original division of property.
>
> (c) The court may not give retroactive effect to a clarifying order.
>
> (d) The court shall provide a reasonable time for compliance before enforcing a clarifying order by contempt or in another manner.

FAM. § 9.008.

Under either provision, however, the order to assist in the implementation of or to clarify the prior order "may not alter or change the substantive division of the property." *Id.* § 9.007(a).

–8–

Stephen argues the clarification order in this case was inappropriate because there was no "finding by the court that the original form of the division of property is not specific enough to be enforceable by contempt." *Id.* § 9.008(b). He also argues it was not an appropriate clarifying order because the clarification did not make that portion of the decree enforceable by contempt.

There is a division among the courts of appeals as to whether the requirements for clarification under section 9.008 apply to clarification under section 9.006. Some courts have interpreted the requirements of section 9.008 as not applying to a clarification order under 9.006. *See Wright v. Eckhardt*, 32 S.W.3d 891, 894–95 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.); *Brooks v. Brooks*, No. 04-13-00263-CV, 2014 WL 1871341, at *1 (Tex. App.—San Antonio May 7, 2014, no pet.) (mem. op.). Others have interpreted the statutes as requiring the findings under section 9.008 for a clarification order under section 9.006. *See Murphy v. Leveille*, No. 01-19-00790-CV, 2020 WL 1210005, at *8 (Tex. App.—Houston [1st Dist.] May 5, 2020, no pet.) (mem. op.) (clarification order requires finding that original form of division of property is not specific enough to be enforceable by contempt); *Berteen v. Hamdan*, No. 14-10-00247-CV, 2011 WL 3503322, at *4 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (mem. op.) ("[O]ur court has indirectly suggested that section 9.008(b) more specifically describes the court's authority under section 9.006(b) to clarify its divorce decree and prescribes an additional [prerequisite] for a clarification order."); *McPherren v. McPherren*, 967 S.W.2d 485, 491 (Tex.

App.—El Paso 1998, no pet.) ("As a prerequisite to clarification, a trial court must find that the original form of the division of property lacks sufficient specificity to be enforced by contempt.").

This Court has not directly held that a clarification order under section 9.006 requires a finding by the trial court that the decree is not enforceable by contempt. However, we have suggested in dicta both that it is required and that it is not required. *See Byrnes v. Byrnes*, No. 05-21-00338-CV, 2022 WL 2437531, at \*2 (Tex. App.—Dallas July 5, 2022, no pet. h.) (mem. op.) (suggesting clarification under sections 9.006 and 9.008 are independent);[1] *O'Donnell v. Vargo*, No. 05-16-01058-CV, 2017 WL 4216248, at \*2 (Tex. App.—Dallas Sept. 22, 2017, pet. denied) (mem. op.) (suggesting the finding of lack of enforceability by contempt is required).[2] *O'Donnell*, which suggested the finding of lack of enforceability by

---

[1] In *Byrnes*, we stated:

> In particular, a court has continuing jurisdiction to render further orders to enforce the division of the property made in the decree of divorce to assist in the implementation of or to clarify the prior order. *See* TEX. FAM. CODE ANN. § 9.006(a). Similarly, on the request of a party or on the court's own motion, the court may enter a clarifying order setting forth specific terms to enforce compliance with an original division of property on a finding that the original division of property is not specific enough to be enforceable by contempt. *See* TEX. FAM. CODE ANN. § 9.008."

*Byrnes*, 2022 WL 2437531, at \*2 (citations omitted).

[2] We stated in *O'Donnell*:

> A party may seek clarification of a divorce decree through a suit for enforcement or a motion to clarify. *See* TEX. FAM. CODE ANN. §§ 9.001, 9.006, 9.008. On the request of a party, the court may render a clarifying order setting forth specific terms to enforce compliance with an original division of property on a finding that the original division of property is not specific enough to be enforceable by contempt. *See* TEX. FAM. CODE ANN. § 9.008; *DeGroot v. DeGroot*, 260 S.W.3d 658, 662 (Tex. App.—Dallas 2008, no pet.).

*O'Donnell*, 2017 WL 4216248, at \*2.

contempt is required, cited *DeGroot v. DeGroot*, which suggested the two statutory provisions are independent. *See DeGroot v. DeGroot*, 260 S.W.3d 658, 662 (Tex. App.—Dallas 2008, no pet.).[3]

Even if clarification of a previous order under section 9.006 requires a finding under section 9.008 that the previous order was not enforceable by contempt, we may imply the finding in this case because Stephen did not request the trial court to make, and the trial court did not make, post-judgment findings of fact and conclusions of law. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). Because the appellate record includes the reporter's record and clerk's record, these implied findings are not conclusive and may be challenged for legal and factual sufficiency in the appellate court. *Id.* In this case, the record supports a finding that the decree's provisions concerning the debt are not sufficiently specific to be enforceable by contempt.

Criminal contempt is a harsh sanction, and courts require clarity in the underlying court orders. *In re Janson*, 614 S.W.3d 724, 727 (Tex. 2020) (per

---

[3] We stated in *DeGroot*:

> A party may seek clarification of a divorce decree through a suit for enforcement or a motion to clarify. *See* TEX. FAM. CODE ANN. §§ 9.001, 9.006, 9.008. In a suit to enforce the decree, a court has continuing jurisdiction to render further orders to enforce the division of the property made in the decree of divorce to assist in the implementation of or to clarify the prior order. *See id.* § 9.006(a); *Gainous,* 219 S.W.3d at 106. Similarly, on the request of a party or on the court's own motion, the court has continuing jurisdiction to render a clarifying order setting forth specific terms to enforce compliance with an original division of property on a finding that the original division of property is not specific enough to be enforceable by contempt. *See* TEX. FAM. CODE ANN. § 9.008; *Gainous,* 219 S.W.3d at 106.

*DeGroot*, 260 S.W.3d at 662.

curiam) (orig. proceeding). A trial court abuses its discretion if it holds a person in contempt for violating an ambiguous order. *Id.* To avoid such ambiguity, the order allegedly violated must "set forth the terms of compliance in clear, specific and unambiguous terms so that the person charged with obeying the decree will readily know exactly what duties and obligations are imposed upon him." *Ex parte Chambers*, 898 S.W.2d 257, 260 (Tex. 1995). The order's interpretation may not rest upon implication or conjecture. *Janson*, 614 S.W.3d at 727.

In this case, the decree stated that the parties were each to pay half of the two Citi accounts, each account having a balance of a certain amount, "less the parties['] attorney's fees." The decree did not state how much those attorney's fees were. Thus, the decree did not specify how much each party owed on the Citi accounts, and the trial court did not abuse its discretion by determining the decree was "not specific enough to be enforceable by contempt." *See* FAM. § 9.008(b).

The decree also required the parties to share the cost of an appraisal of the marital residence, and it restricted withdrawals from a health savings account to the children's medical expenses. After the court signed the decree, Stephen paid the Kohl's account and Maria paid the two Citi accounts. Also, Maria had failed to pay her half of the $400 appraisal fee that Stephen paid in full, and Maria withdrew $101.54 improperly from the health savings account. And, the Citi Double Cash account had incurred interest before Maria paid the balance. The trial court's enforcement order sets out the amounts of most of the credits each party was owed

for the payments, but the order did not state the amount of Maria's "partial credit for interest." Instead, the order set forth the final amount Stephen owed Maria, $2,200.

Stephen argues the trial court's clarification—combining into a single figure all the amounts he had not paid on the accounts and crediting him for payments he made and for Maria's improper withdrawals from the health saving account—was not a proper clarification under section 9.008 because the court's order that he pay Maria $2,200 was not enforceable by contempt. Section 9.012 of the Family Code prohibits enforcement by contempt of awards in a divorce decree of a sum of money unless the sum of money is in existence at the time the decree was rendered or there is a matured right to future payments. FAM. § 9.012(b). This is because the Texas Constitution prohibits a person being imprisoned for debt. TEX. CONST. art. I, § 18 ("No person shall ever be imprisoned for debt.").

We disagree that a trial court abuses its discretion by clarifying a nonspecific previous order to make it more specific when the clarified order is unenforceable by contempt for a reason other than lack of specificity. Section 9.008(b) requires only that the "clarifying order [set] forth specific terms to enforce compliance with the original division of property." The trial court's order did that by determining the amount of the Citi accounts "less the parties['] attorney's fees" and by determining

–13–

the exact amount Stephen owed Maria after crediting the parties for the different payments they made. Therefore, the order complied with section 9.008(b).[4]

Stephen also argues that the trial court erred by ordering that Maria "is given a partial credit for interest" on one of the Citi accounts because the decree did not provide for the parties to pay interest on the account. However, the decree required the parties to indemnify one another and hold each other harmless "from any failure to so discharge these items," i.e., to pay the listed debts. The parties failed to discharge the account before the interest charges were incurred. Maria testified that when she paid the Citi account, she had to pay an additional $317.36 for accumulated interest. The trial court could determine that the accumulated interest was due to the failure of both parties to pay the debt before the interest accrued, and that both parties owed each other the duty to indemnify the other for whatever portion of the interest was due to that party's failure to discharge the debt as required by the divorce decree. Because Maria paid the full amount of the interest, she complied with her duty to indemnify Stephen for her failure to pay the account. However, because Stephen had not paid any part of the interest on the account, the trial court could conclude he had not complied with his duty to indemnify Maria for his failure to pay the account.

---

[4] This opinion should not be read as holding that the trial court would have abused its discretion by denying the motion to clarify on the ground that the clarified order would not be enforceable by contempt because it was an order to pay a debt. One court of appeals has held that a trial court did not abuse its discretion by denying a motion to clarify because the clarified order would not be enforceable by contempt as the order was to pay a debt. *See Shumate v. Shumate*, 310 S.W.3d 149, 153 (Tex. App.—Amarillo 2010, no pet.). As observed above, different courts may reach contrary positions on an issue without either abusing its discretion. *See Hightower*, 348 S.W.3d at 517.

–14–

The trial court's order provides for indemnification by providing a credit in an unspecified amount to Maria for the amounts she owed Stephen for his paying the Kohl's account and appraisal fee and for her improper withdrawals from the health savings account. We conclude the trial court's award to Maria of "a partial credit for interest" was not outside the provisions of the divorce decree.

Stephen argues "[t]he award of a partial credit for interest substantively changed the property division made in the Divorce Decree." However, he presents no analysis explaining why Maria's "partial credit for interest" "substantively changed the property division." We conclude Stephen has not shown the trial court abused its discretion by providing Maria "a partial credit for interest." We overrule Stephen's second and third issues.

## ADMISSION OF EVIDENCE

In his fourth issue, Stephen contends the trial court erred by not admitting his Exhibit 9 into evidence. Stephen states he displayed the exhibit on a screen at the trial court's request, the court overruled a relevancy objection to the exhibit, and the court used the exhibit as the ground for overruling two other objections. However, Stephen never offered Exhibit 9 or any other exhibit into evidence.

"As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection or motion that: (A) stated the grounds for the ruling that the complaining party sought from the trial court . . . and (2) the trial court: (A) ruled on the request

–15–

. . . or (B) refused to rule on the request . . . and the complaining party objected to the refusal." TEX. R. APP. P. 33.1(a). At the trial, which was held remotely via video conferencing due to the COVID-19 pandemic, Stephen asked the trial court if the court had received his exhibits, including Exhibit 9:

> Mr. Holland: Did you receive all the exhibits, ma'am, that we sent?
>
> . . . .
>
> The Court: We have some exhibits. Don't know if they're all, but we have some exhibits.
>
> Mr. Holland: Okay. Can you look and see if you have Exhibit 9 from me, ma'am?
>
> The Court: Okay. Hold on one minute. Yes, sir, you may proceed.

Stephen then testified, referring to Exhibit 9 and other exhibits. However, Stephen did not offer Exhibit 9 or any of his exhibits into evidence, and the trial court did not admit them into evidence.

Stephen did not preserve any error because he never offered Exhibit 9 into evidence, and the trial court never ruled to exclude it. *See Loftin v. Loftin*, 630 S.W.3d 369, 375 (Tex. App.—El Paso 2021, no pet.) ("Insofar as Chad challenges the exclusion of Respondent's Exhibit Four, Chad did not preserve any error because he never offered that exhibit into evidence and, as a consequence, the trial court never ruled to exclude it.").

We overrule Stephen's fourth issue.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

210597F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

STEPHEN LEE HOLLAND,
Appellant

No. 05-21-00597-CV     V.

MARIA ELISABETH HOLLAND,
Appellee

On Appeal from the 303rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-18-09635.
Opinion delivered by Justice Myers.
Justices Carlyle and Goldstein
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MARIA ELISABETH HOLLAND recover her costs of this appeal from appellant STEPHEN LEE HOLLAND.

Judgment entered August 29, 2022