**James Marshall EVERETT, Appellant,**

**v.**

**TEXAS EDUCATION AGENCY, DIVISION OF TEACHER RECORDS, Appellee.**

**No. 3–92–290–CV.**

Court of Appeals of Texas, Austin.

Aug. 11, 1993.

Rehearing Overruled Oct. 6, 1993.

Linda S. Tyson, Waxahachie, for appellant.

Dan Morales, Atty. Gen., Deborah L. Leach, Asst. Atty. Gen., Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

## ON MOTION FOR REHEARING

JONES, Justice.

The opinion issued herein by this Court on April 7, 1993, is withdrawn, and the following is substituted in lieu thereof.

Appellant James Marshall Everett filed suit in the district court of Travis County for judicial review of a final administrative decision of the Texas Education Agency ("TEA") revoking his teaching certificate. The district court rendered judgment sustaining the agency order. We will affirm that judgment.

On September 13, 1989, James Everett, a classroom teacher for the Marfa Independent School District, physically attacked district superintendent Carl Robinson. After meeting with Robinson in his office concerning an alleged hazing incident, Everett struck Robinson in the face. After Robinson fell from the initial blow, Everett straddled him and continued the assault. As a result of the beating, Robinson was left cut, bruised, and bloodied. Everett was suspended from the district and ultimately terminated. Following investigation and hearing, TEA concluded that Everett's conduct made him unworthy to instruct the youth of this state and revoked his teaching certificate pursuant to Tex.Educ.Code Ann. § 13.046(a)(2) (West 1991). Everett sought judicial review of this decision. The district court upheld the TEA ruling. By six points of error, Everett complains of error by the district court.

Initially, we observe that the record is incomplete. The administrative record, including the transcription of the TEA hearing, was *filed* in the district court, but as far as we can tell from the record was never *offered or admitted into evidence* as required by

section 19(d)(3) of the Administrative Procedure and Texas Register Act, Tex.Rev.Civ. Stat.Ann. art. 6252–13a, § 19(d)(3) (West Supp.1993) ("APTRA"). The original agency record has been forwarded to this Court pursuant to a district-court order transmitting all original "papers and exhibits," but, due to the apparent procedural irregularity in the lower court, has been marked by the clerk of this Court as "received" rather than "filed."

In deciding this appeal, we are governed by the procedural requirements of APTRA. The relevant portion of section 19(d)(3) of APTRA provides that when, as here, the manner of judicial review is other than by trial de novo, *"the party seeking judicial review shall offer, and the reviewing court shall admit, the agency record into evidence as an exhibit.* The review is conducted by the court sitting without a jury and is confined to the agency record...." APTRA § 19(d)(3) (emphasis added). The emphasized portion of section 19(d)(3) was added by the legislature in 1983. *See* Act of May 29, 1983, 68th Leg., R.S., ch. 887, § 1, 1983 Tex.Gen.Laws 4952, 4953.

In *Purolator Armored, Inc. v. Railroad Commission,* 662 S.W.2d 700 (Tex.App.— Austin 1983, no writ), this Court, in circumstances similar to those in the present case, held that an earlier version of section 19(d)(3) permitted us to file and consider the agency record, even though it had not been admitted into evidence in the district court. The *Purolator* opinion, however, expressly stated that we were not considering the effect of the 1983 amendment to section 19(d)(3) requiring that the agency record be admitted into evidence as an exhibit. *Id.* at 702 n. 3. Thus, we do not view *Purolator* as controlling here.

■ In order to maintain an action that is derived purely from statutory law, all statutory prerequisites "are mandatory and exclusive, and must be complied with in all respects." *Texas Catastrophe Prop. Ins. Ass'n v. Council of Co-owners of Saida II Towers Condo. Ass'n,* 706 S.W.2d 644, 646 (Tex. 1986). The procedure for judicial review of

an agency order is, of course, governed by APTRA. Regarding the 1983 amendment to section 19(d)(3), this Court has since stated: "Because the Legislature in § 19(d)(3) has prescribed the procedure for bringing forward the administrative record to the reviewing courts, that procedure must be followed." *Snead v. Texas State Bd. of Medical Examiners,* 753 S.W.2d 809, 810 n. 2 (Tex.App.— Austin 1988, no writ) (citing *Saida* ).[1] The amendment is, we believe, dispositive of the present case. Thus, even though the original administrative record has been forwarded to this Court, the failure to have it admitted into evidence as an exhibit in the trial court prevents it from being a proper part of the appellate record before us.

■ Everett cites *Railroad Commission v. Bishop Petroleum, Inc.,* 736 S.W.2d 724 (Tex.App.—Waco 1987), *rev'd in part on other grounds,* 751 S.W.2d 485 (Tex.1988), for the proposition that we should treat the agency record *as if* it had been admitted into evidence, because TEA did not object to the failure to have it admitted. In *Bishop Petroleum,* however, the court held only that, since the parties had referred to the agency record as if it had been introduced into evidence, the Railroad Commission could not later *attack the judgment* on that basis. In the present case, Everett, not TEA, is attacking the judgment, and rule 50 of the Rules of Appellate Procedure places the burden of presenting a sufficient record to show reversible error on the party seeking review. We conclude that the *Bishop Petroleum* rationale does not permit consideration of the agency record in the circumstances of the present case.

On motion for rehearing from our original opinion, Everett asserts that, even though the administrative record was not introduced into evidence at the hearing on the merits, it is properly before us because it was introduced at an earlier hearing on Everett's application for temporary injunction. Everett has attached to his motion for rehearing a copy of the statement of facts from the tem-

1. But see Justice Powers's dissent in *Commerce Indep. Sch. Dist. v. Texas Education Agency,* 859

S.W.2d 627 (Tex.App.—Austin 1993, writ requested).

porary injunction hearing and, from this copy, it appears that the administrative record was offered and admitted into evidence at that hearing. This circumstance, however, is of no assistance to Everett. Evidence presented at a prior hearing regarding a request for temporary injunction or other temporary relief cannot be considered in a subsequent trial unless it is admitted into evidence at the subsequent trial. *May v. May,* 829 S.W.2d 373, 376 (Tex.App.—Corpus Christi 1992, writ denied); *Continental Oil Co. v. P.P.G. Indus.,* 504 S.W.2d 616, 622 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.); *see also Traweek v. Larkin,* 708 S.W.2d 942, 946–47 (Tex.App.—Tyler 1986, writ ref'd n.r.e.); *Muller v. Leyendecker,* 697 S.W.2d 668, 675 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). Accordingly, the admission of the agency record into evidence at the earlier hearing does not make it part of the appellate record in the present cause. We will, therefore, address the complaints raised by Everett without considering the administrative record.

In point of error two, Everett asserts that the trial court erred in affirming TEA's finding that there was "no evidence" to support Everett's worthiness to instruct the youth of this state. In points of error three and six, Everett complains that under the circumstances of this case, revocation of his teaching certificate was too harsh a penalty. In point of error four, Everett contends the district court erred in affirming TEA's findings of substantial evidence of his unfitness to teach. In point of error five, Everett argues that TEA's description of the attack in its order illustrates arbitrary and capricious decision-making.

As appellant, Everett has the burden of presenting to this Court a sufficient record to show error requiring reversal. *See* Tex. R.App.P. 50(d). In addition, TEA's order is presumed to be valid and legal, and the burden is on Everett to show otherwise. *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 453 (Tex.1984); *City of San Antonio v. Texas Water Comm'n,* 407 S.W.2d 752, 758 (Tex. 1966). Because the administrative record is not properly before us, no error is shown.

*See Hassell v. Board of Nurse Examiners,* 695 S.W.2d 284, 285 (Tex.App.—Austin 1985, no writ); *Basin, Inc. v. Railroad Comm'n,* 613 S.W.2d 800, 802 (Tex.Civ.App.—Austin 1981, no writ); *see also Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968); *Fort Bend County v. Texas Parks & Wildlife Comm'n,* 818 S.W.2d 898, 900 (Tex.App.—Austin 1991, no writ). Points of error two through six are overruled.

■ Finally, in point of error one, Everett claims the district court erred in failing to grant a stay of the TEA order or set a supersedeas bond pending review of the license revocation in district court. In support of this argument, Everett relies on rule 47 of the Rules of Appellate Procedure, which provides that a judgment debtor may suspend the execution of a judgment by filing "a good and sufficient bond." Absence of the agency record aside, Everett's reliance on rule 47 is misplaced. As rule 1 of the Rules of Appellate Procedure makes clear, those rules apply only to situations of genuine appellate review. Everett's suit in district court, however, was technically not an "appeal," but rather an original suit for judicial review pursuant to APTRA. Section 19(b)(3) of APTRA specifically provides that seeking judicial review "does not affect the enforcement of an agency decision" under substantial-evidence review. Without addressing the scope of a district court's discretionary power to stay enforcement of an agency order pending determination of a suit for judicial review, we conclude that the district court in the present case was under no *obligation* to stay the TEA order. Point of error one is overruled.

We affirm the judgment of the district court.