**TEXAS HEALTH ENTERPRISES, INC. d/b/a Terrace West Nursing Center, Appellant,**

**v.**

**TEXAS DEPARTMENT OF HEALTH, Appellee.**

**No. 03–95–00709–CV.**

Court of Appeals of Texas, Austin.

June 26, 1996.

Rehearing Overruled July 31, 1996.

---

J. Stephen Dillawn, Small, Craig & Werkenthin, Austin, for appellant.

Dan Morales, Atty. Gen., Sharon L. Sanders, Asst. Atty. Gen., Gen. Counsel Div., Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

KIDD, Justice.

Appellant Texas Health Enterprises, Inc. d/b/a Terrace West Nursing Center ("the Center") sued appellee Texas Department of Health ("the State") in district court for judicial review of the State's decision to terminate its Medicaid certification. The district court rendered judgment in favor of the State, and the Center now appeals. We will affirm.

## THE CONTROVERSY

In this appeal, we must once again determine whether an appellant has successfully brought the administrative record before this Court for review. Because we conclude that the Center has failed to do so, we need

discuss only the controversy concerning the administrative record.

The Center concedes that it failed to offer the administrative record into evidence at the trial court, as required by the Administrative Procedure Act ("APA"). *See* Tex.Gov't Code Ann. § 2001.175(d) (West 1996).[1] Although the district court apparently considered the administrative record in reaching its decision, the statement of facts and transcript both confirm that the record was neither offered nor admitted into evidence.

The Center obtained an order from the district court transmitting the administrative record to this Court as a supplement to the transcript.[2] Our clerk has marked the administrative record as "received" but has not filed it because we requested further briefing on whether the record should be filed. The State has filed a motion to set aside the district court's order supplementing the transcript and to prevent the filing of the agency record. The Center argues that its failure to offer the administrative record into evidence at the district court does not prevent this Court from filing the administrative record because section 2001.175(d) of the APA is directory and not mandatory. The State responds that the APA requirement is mandatory and, therefore, this Court cannot consider the administrative record in resolving this appeal.

## HISTORICAL BACKGROUND

In deciding this appeal, we do not write on a clean slate. We have written on this issue in a number of opinions over thirteen years. A review of those decisions provides essential context for our decision in this appeal.

The Administrative Procedure and Texas Register Act ("APTRA"), the predecessor to the APA, was first passed in 1975. APTRA section 19(d), the forerunner to APA section 2001.175, provided as follows:

1. Section 2001.175(d) provides: "The party seeking judicial review shall offer, and the reviewing court shall admit, the state agency record into evidence as an exhibit." *Id.*

2. We note that the Center obtained the order of transmittal long after the district court's plenary

(d) If the manner of review authorized by law for the decision complained of is other than by trial de novo:

(1) ... the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review.

....

(3) the review is conducted by the court sitting without a jury and is confined to the record....

Act of April 8, 1975, 64th Leg., R.S., ch. 61, § 19, 1975 Tex.Gen.Laws 136, 147 (Tex.Rev. Civ.Stat.Ann. art. 6252–13a, § 19, since amended and repealed). Presaging this Court's internal debate on the issue, Justice Bob Shannon published a law review article in 1981 arguing that the 1975 version of APTRA required that the administrative record be offered in evidence as an exhibit:

One view is that the administrative record should be filed with the clerk of the trial court, and that the clerk should copy the administrative record into the transcript for filing with the court of appeal[s]....

....

The position taken by careful administrative lawyers and approved by the writers is that the party taking the administrative appeal should offer and the trial court should admit the administrative record into evidence as an exhibit. The admission of the record into evidence is thereby reflected by the statement of facts. The appealing party, thereafter, may obtain an order from the trial court pursuant to Rule 379 [Tex.R.Civ.P.] to send to the appellate court the administrative record as an original exhibit.

By this procedure, the administrative record is filed in the appellate court as an exhibit to a statement of facts, in the manner provided for in civil cases generally as required by section 20 of the Act.

jurisdiction over the cause had expired. *See Commerce Indep. Sch. Dist. v. Texas Educ. Agency*, 859 S.W.2d 627, 629 (Tex.App.—Austin 1993, writ dism'd) (district court order to transmit agency record is without effect if granted after plenary jurisdiction has expired).

Hon. Bob E. Shannon & James B. Ewbank, II, *The Texas Administrative Procedure and Texas Register Act Since 1976—Selected Problems,* 33 Baylor L.Rev. 393, 448–49 (1981).

The issue first reached this Court in *Purolator Armored, Inc. v. Railroad Commission,* 662 S.W.2d 700 (Tex.App.—Austin 1983, no writ), an appeal taken under the 1975 version of APTRA. In *Purolator,* the administrative record had been filed with the district court but not offered in evidence. Because no statement of facts was taken of the hearing on the merits, the administrative record was transmitted to this Court pursuant to an order by the trial court. *Id.* at 701. Justice John Powers, joined by Justice Bob Gammage, wrote the majority opinion holding that the administrative record was not required to be introduced into evidence as an exhibit, but could be considered by the trial court and then transmitted to the court of appeals as part of the transcript. Accordingly, the majority held that the agency record was properly before the court. *Id.* at 704, 706. Justice Shannon dissented, taking the same position set forth in his law review article quoted above. *Id.* at 709.

In 1983, the Legislature amended APTRA section 19(d) by adding the following underlined language:

(d) If the manner of review authorized by law for the decision complained of is other than by trial de novo:

(1) ... the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review *and such agency record shall be filed with the clerk of the court.*

....

(3) *the party seeking judicial review shall offer, and the reviewing court shall admit, the agency record into evidence as an exhibit.* The review is conducted by the court sitting without a jury and is confined to the *agency* record....

Act of May 29, 1983, 68th Leg., R.S., ch. 887, § 1, 1983 Tex.Gen.Laws 4952, 4952–53 (since repealed and recodified at Tex.Gov't Code

Ann. § 2001.175). Justice Shannon, testifying before the House State Affairs Committee in May 1983, stated that the primary purpose of the amendment was to establish a uniform process for transmitting the agency record to the court of appeals. Justice Shannon testified that the lack of such a uniform procedure created much confusion and difficulty for the court.[3] The amended version of APTRA section 19(d) was later codified without substantive change into section 2001.175 of the APA. *See* Tex.Gov't Code Ann. § 2001.175 (West 1996).

This Court first considered the amended statute in *Snead v. Texas State Board of Medical Examiners,* 753 S.W.2d 809 (Tex. App.—Austin 1988, no writ). In *Snead,* the administrative record had been admitted into evidence, but the appellant did not timely tender the statement of facts. This Court, in an opinion by then Chief Justice Shannon, held that the administrative record had not been presented for review in the absence of a statement of facts: "Because the Legislature in § 19(d)(3) has prescribed the procedure for bringing forward the administrative record to the reviewing courts, that procedure must be followed." *Id.* at 810 n. 2. We noted that *Purolator* did not control because it had been decided under the pre–1983 version of the statute and held that, under the amended statute, the agency record could only be brought to this Court as an exhibit to the statement of facts. Therefore, the order from the trial court to transmit the agency record to this Court did not meet the statutory requirement. *See id.* at 810.

In 1993, this Court issued three opinions holding that an appellant had failed to bring the agency record forward for appellate review. In *Office of Public Utility Counsel v. Public Utility Commission,* 859 S.W.2d 71 (Tex.App.—Austin 1993), *rev'd on other grounds,* 878 S.W.2d 598 (Tex.1994), as in *Snead,* the administrative record had been admitted into evidence, but the appellant had failed to timely file a statement of facts. However, the trial court had signed an order to transmit the original exhibits to this Court

3. As Chief Justice Shannon commented in one opinion, it is very difficult to review agency action when the record comes to us scattered "higgledy-piggledy." *See Texas State Bd. of Law Examiners v. Malloy,* 793 S.W.2d 753, 755 (Tex. App.—Austin 1990, writ denied).

in lieu of copies. The appellant argued that the order amounted to an agreed or narrative statements of facts, and the agency record could thus be filed as a supplement to the transcript. *Id.* at 72. We disagreed, holding that the trial court's order did not suffice because it did not indicate that the agency record had been admitted in evidence; we analogized the agency record to a deposition filed with the trial court but not admitted in evidence.[4] *Id.* at 72–73. In a later opinion, we held that documents contained within the transcript could qualify as an agreed or narrative statement of facts when the transcript contained the following documents: 1) a motion filed by appellee offering the administrative record into evidence, 2) an order signed by the district court admitting the agency record into evidence, and 3) an order signed by the district court transmitting the agency record to this court. *See Texas Water Comm'n v. Lakeshore Util. Co.,* 865 S.W.2d 615, 617–18 (Tex.App.—Austin 1993, no writ) (citing Tex.R.App.P. 50(c) & 53(i)). We therefore held that, even in the absence of a formal statement of facts, the agency record could properly be filed under those unusual circumstances as a supplement to the transcript. *See id.* at 618.

In *Everett v. Texas Education Agency,* 860 S.W.2d 700 (Tex.App.—Austin 1993, no writ), the administrative record had been timely filed with this Court pursuant to a trial-court order to transmit all "papers and exhibits," but there was no indication that it had ever been admitted into evidence at the trial court. *Id.* at 701–02. The appellant noted that the agency record had been admitted into evidence at an earlier hearing on a temporary injunction but had not been admitted at the hearing on the merits. *Id.* at 702–03. We held that the introduction of the record at the temporary injunction hearing could not substitute for admission at the hearing on the merits. Because the agency record had not been admitted into evidence at the hearing on the merits, we held that the agen-

cy record could not be considered as part of the appellate record. *Id.* at 703.

In *Commerce Independent School District v. Texas Education Agency,* 859 S.W.2d 627 (Tex.App.—Austin 1993, writ dism'd), the appellant filed a transcript but failed to timely file a statement of facts. The trial court's judgment, contained in the transcript, recited that the trial court "considered" the administrative record in arriving at its decision. Citing *Snead,* the majority in *Commerce* held that the statement of facts was the exclusive method for bringing the administrative record forward to this Court. *Id.* at 628. We explicitly rejected appellant's argument that the judgment's recitation satisfied APTRA section 19(d). We noted that the recitation did not show that the record had been admitted into evidence and held that the statement of facts, not the transcript, is the proper "mechanism for forwarding the agency record to the appellate court...." *Id.* at 629. In dissent, Justice Powers argued for a more liberal interpretation of the statute. Justice Powers advanced two arguments: 1) the statement of facts is not the exclusive method for bringing the administrative record to this Court, and therefore documentation in the transcript could suffice; and 2) the statutory requirement that the agency record be admitted in evidence is directory, not mandatory, and therefore this Court should consider the agency record on appeal even if it was not admitted in evidence at the trial court. *Id.* at 634 (Powers, J., dissenting). Justice Powers observed that the statute does not indicate that the statement of facts is the exclusive method for bringing the record to this Court. He also reasoned that the statute simply provides an orderly and inexpensive method for handling the administrative record but does not bar review of the agency record for failure to follow the recommended procedure. *Id.*

In a recent opinion, the supreme court overruled our line of cases and held that the administrative record may be transmitted to

---

4. The supreme court reversed our judgment in the case. *See Office of Pub. Util. Counsel v. Public Util. Comm'n,* 878 S.W.2d 598, 600 (Tex. 1994). The court held that, even if we had correctly determined that the agency record was not before us, we erred by failing to take judicial notice of the agency's published order and refusing to consider those points of error to which the agency record was not essential. *Id.* at 599–600.

this Court either as a part of the statement of facts or as part of the transcript. *See Nueces Canyon Consol. Indep. Sch. Dist. v. Central Educ. Agency*, 917 S.W.2d 773, 775–76 (Tex.1996). The court agreed with a portion of Justice Powers' dissent in *Commerce* that the legislature did not intend, in enacting section 2001.175(d) of the APA, to make the statement of facts the exclusive method for transmitting the administrative record to this Court. The court noted that the APA does not explicitly limit the method for transmitting the administrative record. *Id.* at 775. In this appeal, the Center urges us to adopt Justice Powers' second argument in the *Commerce* dissent because, under *Nueces Canyon*, the agency record may be filed simply as a part of the transcript and need not be admitted into evidence to be reviewed by this Court.

## DISCUSSION

■ The narrow issue that we reach in this appeal is whether section 2001.175(d) of the APA is mandatory or directory. The Center concedes that it failed to comply with the statute but argues that it is merely directory and does not bar us from filing and reviewing the administrative record on appeal.

If we were writing on a clean slate, we would find the Center's argument persuasive. Because the supreme court has held that the administrative record may be brought to this Court by means of the transcript, we find no good reason to require that the agency record be admitted into evidence. The arguments advanced by Justice Powers in his *Commerce* dissent suggest that APA section 2001.175(d) should now be interpreted as directory. As a part of the transcript, the agency record, after being filed with the district court, could simply be transmitted to this Court by order of the trial court. *See Commerce*, 859 S.W.2d at 634 (Powers, J., dissenting). Although admitting the agency record into evidence as an exhibit might be the statutorily recommended method for transmitting the agency record, there now appears to be no substantive reason to require that it be done in that fashion.

■ We must, however, reject the Center's argument as contrary to the clear language of the Texas Supreme Court in *Nueces Canyon*. Although *Nueces Canyon* rejected our limitation on the *method* of transmitting the administrative record, the opinion also clearly indicates that the administrative record must be offered into evidence to be considered by this Court. The supreme court explicitly incorporated that requirement in its holding:

> Here, we agree with the court of appeals that *an administrative record must be offered into evidence at the trial court* in an appeal for judicial review brought under the Administrative Procedure Act.
>
> . . . .
>
> Therefore, we hold that an appellant may bring an administrative record in an appeal governed by the Administrative Procedure Act to an appellate court as part of a statement of facts or transcript *so long as a court reporter's certificate or other evidence demonstrates that the trial court admitted the record.*

*Nueces Canyon*, 917 S.W.2d at 776 (emphasis added). We read the quoted language from *Nueces Canyon* as expressly holding that APA section 2001.175(d) is mandatory and not directory. We therefore grant the State's motion and deny the Center leave to file the administrative record.

Accordingly, we cannot consider the administrative record in disposing of the Center's appeal. The Center acknowledges that we cannot address its first, second, third, or fifth points of error without the administrative record because three of the points require a substantial-evidence review and one concerns a claim for pre-judgment interest should we reverse the judgment. We therefore overrule those points of error.

■ The Center argues that, even if we cannot consider the administrative record, we may nevertheless address its fourth point of error. In that point of error, the Center argues that the agency's order must be reversed because it was made more than 120 days after the effective date of the Center's decertification, in violation of a federal regulation. *See* 42 C.F.R. § 431.153 (1995). The regulation provides that an evidentiary hear-

ing must be held within 120 days after the decertification. In this cause, the State held an evidentiary hearing within that time but did not issue its final order until eight months later. The Center argues that the federal regulation defines "hearing" to include the agency's final, written order. *See id.* § 431.153(i)(4). The Center argues that, although the agency hearing in this cause was held within the 120 days, the agency's final written order was issued after the 120 days and is therefore void. We believe that we cannot address this point of error without resort to the administrative record, which contains the documents establishing the relevant dates. Absent the administrative record, we do not have evidence of those pertinent dates and therefore have no basis on which to consider the point of error.

 Even if we were to address the Center's fourth point of error, we would overrule it. First, we note that the Center has waived this issue because it was not presented to the agency by means of a motion for rehearing. *See* Tex.Gov't Code Ann. § 2001.145 (West 1996); *Gonzalez v. Texas Educ. Agency,* 882 S.W.2d 526, 527 (Tex. App.—Austin 1994, no writ); *Burke v. Central Educ. Agency,* 725 S.W.2d 393, 395–97 (Tex.App.—Austin 1987, writ ref'd n.r.e.). Second, we believe that the Center interprets the federal regulation too broadly. We read the regulation as requiring only that the evidentiary hearing itself be held within 120 days of the order of decertification. *See* 42 C.F.R. § 431.151(c) (1995). We interpret the definitional provision cited by the Center as requiring that the agency issue a written decision, but we do not believe that the written decision is subject to the same time limitation as the hearing. In any event, the Texas Supreme Court has held that a similar provision of the APA requiring agencies to issue final orders within sixty days of a contested case hearing is directory rather than mandatory. *See Suburban Util. Corp. v. Public Util. Comm'n,* 652 S.W.2d 358, 362 (Tex.1983) (construing Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 16(d), since repealed and codified at Tex.Gov't Code Ann. § 2001.145). Accordingly, we overrule the Center's fourth point of error.

## CONCLUSION

Because the Center failed to offer the administrative record into evidence before the trial court, we may not consider it. In the absence of the administrative record, we have no basis on which to sustain any of the Center's points of error. We therefore affirm the judgment of the trial court.