**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Grover Lee LAVENDER, Appellee.**

**No. 10–95–264–CV.**

Court of Appeals of Texas,
Waco.

Nov. 20, 1996.

Rehearing Overruled Jan. 22, 1997.

Phyllis Waldrep Cranz, Fort Worth, for appellant.

Harry L. (Buzz) Dulick, Hammond & Dulick, Celburne, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

DAVIS, Chief Justice.

The Texas Department of Public Safety (DPS) appeals from an order reversing a decision by an Administrative Law Judge upholding the suspension of Grover Lavender's driver's license. We first find that we have jurisdiction over DPS's appeal. Next, because Lavender failed to have the administrative record admitted at the appeal hearing in the county court, we conclude that the administrative order must be upheld, and reverse and render judgment in DPS's favor.

In January 1995, Lavender was arrested on suspicion of driving while intoxicated. The police had difficulty communicating with him because he is deaf. After he failed a road-side intoxication test, the police took him to the police station and procured a sign language interpreter. The police attempted to communicate with Lavender through the interpreter, by pantomime and by showing him the written warnings. Lavender was asked to submit a breath sample for analysis. He refused and signed the appropriate space on the statutory warning form. Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 9, 1993 Tex.Gen. Laws 3515, 3524 *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1025, 1870–71 (current version at TEX.TRANSP.CODE ANN. § 724.031 (Vernon Pamph.1997)) (hereinafter TEX.REV. CIV.STAT.ANN. art. 6701*l*–5, § 2(c)).[1]

Because Lavender refused to provide a sample of his breath for testing, DPS suspended his driver's license. TEX.REV.CIV. STAT.ANN. art. 6701*l*–5, § 2(i).[2] Lavender contested the suspension by requesting an administrative hearing. TEX.REV.CIV.STAT.

---

1. At the time of Lavender's arrest, the administrative hearing and the county court hearing, the applicable law was found in the Revised Civil Statutes. Each of the provisions has since been moved into the Transportation Code. Both article 6687b–1 and section 2 of article 6701*l*–5 were enacted in the same bill. Therefore, in the text we will short cite to the Revised Civil Statutes for convenience.

2. Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 9, 1993 Tex.Gen. Laws 3515, 3524–25 *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1025, 1870–71 (cur-

ANN. art. 6701*l*–5, § 2(j).[3] The hearings officer found that the suspension was justified and issued an order sustaining the suspension order. Lavender then appealed to the county court. TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 4;[4] TEX.REV.CIV.STAT.ANN. art. 6687b–1, § 7(g).[5] The county court agreed with several of Lavender's contentions, reversed the administrative decision, and decreed that DPS did not have the authority to suspend his driver's license. DPS then brought this appeal.

## OUR JURISDICTION

Lavender asserts that we do not have jurisdiction over this appeal because (1) there is no specific authorization for an appeal from the county court within article 6687b–1 and (2) DPS is only allowed to appeal "issues of law." TEX.REV.CIV.STAT.ANN. art. 6687b–1, § 7(i).[6]

Article 6701*l*–5 sets out the procedures for suspension of a driver's license when a driver refuses to provide a breath sample for testing, as in this case. TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 2.[7] Article 6687b–1 governs suspension of a driver's license when a person's breath test result is in excess of the

legal blood alcohol level. TEX.REV.CIV.STAT. ANN. art. 6687b–1, § 2.[8] Article 6701*l*–5 refers to Article 6687b–1 for the procedures in an appeal following an administrative hearing arising under its provisions. TEX.REV.CIV. STAT.ANN. art. 6701*l*–5, § 4.[9] Article 6687b–1 specifically states that the "Administrative Procedure and Texas Register Act (Article 6252–13a, Vernon's Texas Civil Statutes) applies to proceedings under this article to the extent not inconsistent with this article." TEX.REV.CIV.STAT.ANN. art. 6687b–1, § 7(p)[10] (referencing Act of April 8, 1975, 64th Leg., R.S., ch. 61, 1975 Tex.Gen. Laws 136, as amended, *repealed by* Act of May 4, 1993, 73rd Leg., R.S., ch. 268, § 46, 1993 Tex.Gen. Laws 583, 986 (current version at TEX. GOV'T CODE ANN. § 2001.001, *et seq.* (Vernon Pamph.1997))). Although article 6252–13a, the APTRA, has been repealed, references to it in the statutes are construed as references to its successor statute, the Administrative Procedures Act found in chapter 2001 of the Government Code. TEX. GOV'T CODE ANN. § 311.027 (Vernon Supp.1997), § 2001.001 *et seq.* (Vernon Pamph.1997); *see also Morgan v. Employees' Retirement System,* 872 S.W.2d 819, 821 n. 2 (Tex.App.—Austin 1994, no writ).

rent version at TEX.TRANSP.CODE ANN. § 724.035 (Vernon Pamph.1997)).

**3.** Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 9, 1993 Tex.Gen. Laws 3515, 3525 *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1025, 1870–71 (current version at TEX.TRANSP.CODE ANN. § 724.041 (Vernon Pamph.1997)).

**4.** Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 12, 1993 Tex.Gen. Laws 3515, 3527 *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1025, 1870–71 (current version at TEX.TRANSP.CODE ANN. § 724.047 (Vernon Pamph.1997)).

**5.** Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex.Gen. Laws 3515, 3518–19 *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1025, 1870–71 (current version at TEX.TRANSP.CODE ANN. § 524.041(a) (Vernon Pamph.1997)).

**6.** Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex.Gen. Laws 3515, 3519 *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1025, 1870–71 (current version at TEX.TRANSP.CODE ANN. § 524.041(d) (Vernon Pamph.1997)).

**7.** Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 9, 1993 Tex.Gen. Laws 3515, 3523 *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1025, 1870–71 (current version at TEX.TRANSP.CODE ANN. § 724.001, *et seq.* (Vernon Pamph.1997)).

**8.** Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex.Gen. Laws 3515 *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1025, 1870–71 (current version at TEX.TRANSP.CODE ANN. § 524.011(a) (Vernon Pamph.1997)).

**9.** Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 12, 1993 Tex.Gen. Laws 3515, 3527 *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1025, 1870–71 (current version at TEX.TRANSP.CODE ANN. § 724.047 (Vernon Pamph.1997)).

**10.** Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex.Gen. Laws 3515, 3520 *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1025, 1870–71 (current version at TEX.TRANSP.CODE ANN. § 524.002 (Vernon Pamph.1997)).

The APA provides for appeals to this court from actions initiated in the "district court" as appeals from administrative orders "in the manner provided for civil actions generally." TEX. GOV'T CODE ANN. § 2001.901. Thus, under the general provisions of the APA, DPS, as a party in the trial court, would have the right to appeal the adverse judgment to this court. *Id.*

However, as DPS observes, an apparent conflict existed between the APA and article 6687b–1. The original section 2001.221 of the APA, entitled "Driver's Licenses," as enacted by the 74th Legislature as part of the codification of the Government Code, stated:

> This chapter does not apply to a suspension, revocation, cancellation, denial or disqualification of a driver's license or commercial driver's license as authorized by:
>
> (1) Article IV, Chapter 173, Acts of the 47th Legislature, Regular Session, 1941 (Article 6687b, Vernon's Texas Civil Statutes);
>
> (2) the Texas Commercial Driver's License Act (Article 6687b–2, Revised Statutes);
>
> (3) the Texas Motor Vehicle Safety–Responsibility Act (Article 6701h, Vernon's Texas Civil Statutes);
>
> (4) Chapter 434, Acts of the 61st Legislature, Regular Session, 1969 (Article 6701*l*–5, Vernon's Texas Civil Statutes); or
>
> (5) Section 13, Article 42.12, Code of Criminal Procedure (V.A.C.S. art. 6252–13a, Sec. 21(a).)

Act of May 4, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex.Gen. Laws 583, 751, *amended by* Act of April 25, 1995, 74th Leg., R.S., ch 76, § 5.22, 1995 Tex.Gen. Laws 458, 488 (current version at TEX. GOV'T CODE ANN. § 2001.221 (Vernon Pamph.1997)). Section 2001.221 was derived from section 21 of the APTRA. The legislature specifically noted that the codification was not intended to reflect substantive changes in the law. Act of May 4, 1993, 73rd Leg., R.S., ch. 268, § 47, 1993 Tex.Gen. Laws 583, 986.

However, the bill enacting article 6687b–1 and substantially amending article 6701*l*–5 to incorporate article 6687b–1, passed later during the same legislative session, amended section 21 of article 6252–13a to provide:

> This Act does not apply to suspensions, revocations, cancellations, denials, or disqualifications of driver's licenses or commercial drivers's licenses as authorized in Article IV, Chapter 173, Acts of the 47th Legislature, Regular Session, 1941 (Article 6687b, Vernon's Texas Civil Statutes), the Texas Commercial Driver's License Act (Article 6687b–2, Revised Statutes), the Texas Motor Vehicle Safety–Responsibility Act (Article 6701h, Vernon's Texas Civil Statutes), or Section 13, Article 42.12, Code of Criminal Procedure.

Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 14, 1993 Tex.Gen. Laws 3515, 3527 *repealed by* Act of April 25, 1995, 74th Leg., R.S., ch 76, § 5.22(b), 1995 Tex.Gen. Laws 458, 488 (current version at TEX. GOV'T CODE ANN. § 2001.221 (Vernon Pamph.1997)).

The amendment to the APA became effective on September 1, 1993, but the amendment to section 21 of the APTRA was to become effective January 1, 1995. Act of May 4, 1993, 73rd Leg., R.S., ch. 268, § 49, 1993 Tex.Gen. Laws 583, 987; Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 20, 1993 Tex.Gen. Laws 3515, 3529. Because the amendment to section 21 of the APTRA occurred during the same legislative session as the recodification of the act into the Government Code, we must give the amendment "effect as part of the code provision that revised the statute." TEX. GOV'T CODE ANN. § 311.031 (Vernon 1988). Thus, as of January 1, 1995, section 2001.221 of the APA was effectively amended to delete the reference to article 6701*l*–5 and the only operative provision, as of that date, became the reference to the APTRA in article 6687b–1. Therefore, the APA applied to this proceeding arising out of a driver's license suspension under article 6701*l*–5, and this cause is properly before us.

Lavender also argues that DPS is limited to "issues of law" because section 7(i) of article 6687b–1 provides that "[t]he Department's right to appeal is limited to issues of law." TEX.REV.CIV.STAT.ANN. art. 6687b–1,

§ 7(i).[11] However, that section governs appeals from the administrative hearing to the county court, not from the county court to this court. *Id.* Appeals to this court are governed by the APA and are prosecuted "in the manner provided for civil actions generally." Tex. Gov't Code Ann. § 2001.901. Thus, DPS is not limited to legal issues in an appeal to this court. We reject both of Lavender's attacks on our jurisdiction to hear this appeal.

## THE MERITS

■ DPS argues that the court committed an error of law by reversing the administrative order without the record from that hearing being admitted into evidence. We have established that the APA applies to an appeal from the administrative hearing "to the extent not inconsistent" with article 6687b–1. Tex.Rev.Civ.Stat.Ann. art. 6687b–1, § 7(p).[12] Under the APA, Lavender was required to offer the administrative record into evidence as an exhibit. Tex. Gov't Code Ann. § 2001.175(d). This provision is mandatory. *Nueces Canyon Consol. v. Cent. Educ.*, 917 S.W.2d 773, 776 (Tex.1996); *Texas Health v. Tex. Dept. of Health*, 925 S.W.2d 750, 755 (Tex.App.—Austin 1996, writ requested).

■ An agency order is presumed to be legal and valid. *Texas Health Fac. v. Char-*

ter Medical–Dallas, 665 S.W.2d 446, 453 (Tex.1984); *United Ind. School Dist. v. Gonzalez*, 911 S.W.2d 118, 123 (Tex.App.—San Antonio 1995), *writ denied per curiam, ——* S.W.2d ——, 1996 WL 597956, 40 Tex.S.Ct.J. 62 (October 18, 1996); *Commerce School Dist. v. Educ. Agency*, 859 S.W.2d 627, 629 (Tex.App.—Austin 1993, writ dism'd). The burden is on the contestant to demonstrate that the order is erroneous. *Id.*; also *Vandygriff v. First Sav. & Loan, Etc.*, 617 S.W.2d 669, 673 (Tex.1981). We must determine if the agency's findings are supported by substantial evidence or if the order is invalid for some other reason.[13] Tex.Rev.Civ.Stat.Ann. art. 6687b–1, § 7(h);[14] Tex. Gov't Code Ann. § 2001.174; *Public Utility Com'n v. Gulf States*, 809 S.W.2d 201, 210–11 (Tex.1991); *Texas Dept. of Public Safety v. Raffaelli*, 905 S.W.2d 773, 775 (Tex.App.—Texarkana 1995, no writ). Without the record from the agency hearing, we are unable to find that the administrative order is not supported by substantial evidence or that it is infected with some other error of law.

■ In response, Lavender first argues that the rules promulgated by the State Office of Administrative Hearings do not require that the agency record be admitted into evidence in an appeal from the administrative hearing. 1 Tex.Admin.Code § 159.37

---

11. Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex.Gen. Laws 3515, 3519 *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1025, 1870–71 (current version at Tex.Transp.Code Ann. § 524.041(d) (Vernon Pamph.1997)).

12. Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex.Gen. Laws 3515, 3520 *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1025, 1870–71 (current version at Tex.Transp.Code Ann. § 524.002 (Vernon Pamph.1997)).

13. Despite the fact that the APA provides that appeals from the trial court's judgment are taken "in the manner provided for civil actions generally," the appellate courts habitually review the agency order itself, not the trial court's judgment. Tex. Gov't Code Ann. § 2001.901 (Vernon Pamph.1997); *e.g. R.R. Com'n of Texas v. Torch Operating*, 912 S.W.2d 790, 792 (Tex.1995) ("we next decide whether this particular decision by the agency was supported by substantial evidence in the record."); *Board of Law Examiners v. Stevens*, 868 S.W.2d 773, 778 (Tex.), *cert. denied, —— U.S. ——*, 114 S.Ct. 2676, 129 L.Ed.2d

811 (1994) ("Our duty, like that of the courts below, in reviewing the BLE's decision is to determine whether substantial evidence supports it."); *Railroad Com'n of Tex. v. Continental Bus Sys.*, 616 S.W.2d 179, 182 (Tex.1981) ("The question that this court must answer is whether the findings of the Commission about convenience and necessity are reasonably supported by substantial evidence."); *Fox v. Medina*, 848 S.W.2d 866, 871 (Tex.App.—Corpus Christi 1993, no writ).

14. Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex.Gen. Laws 3515, 3519 *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1025, 1870–71 (current version at Tex.Transp.Code Ann. §§ 524.041–43 (Vernon Pamph.1997)). The current version of the statute does not reference the "substantial evidence" standard nor any other standard for review. However, the substantial evidence review standard is the default standard under the APA. Tex. Gov't Code Ann. § 2001.174 (Vernon Pamph.1997).

(West 1995) (as authorized by TEX.REV.CIV. STAT.ANN. art. 6687b–1, § 7(p)[15]). However, the rules cover the methodology for taking an appeal from the administrative hearing to the trial court; they do not control the procedures after the court has acquired jurisdiction over the appeal. *Id.*

Relying on *Railroad Com'n v. Bishop Petroleum*, 736 S.W.2d 724 (Tex.App.—Waco 1987), *rvs'd on other grounds*, 751 S.W.2d 485 (Tex.1988), he next argues that DPS has waived this complaint by failing to raise it in the trial court. *Bishop* held that arguments not adequately presented to an *agency* in a motion for rehearing could not be raised on appeal from the administrative order. *Id.* at 736–37. A motion for rehearing before the agency is not a prerequisite to appeal from an administrative suspension of a driver's license. TEX.REV.CIV.STAT.ANN. art. 6687b–1, § 7(p).[16] Therefore, *Bishop* is not applicable here.

Finally, Lavender argues that the court's judgment can be sustained on other grounds. He fails, however, to argue anywhere in his brief that the agency record is not necessary to this appeal. Moreover, as we have observed, we are reviewing the agency order directly, not the trial court's order. Thus, we must have the record before us for examination. Absent evidence that the court admitted the record into evidence, we have nothing to review and the presumption of validity prevails. *Nueces Canyon*, 917 S.W.2d at 776; *Texas Health*, 925 S.W.2d at 755.

Based on the fact that Lavender failed to place the agency record in evidence before the trial court, we sustain all four of DPS's points of error. Therefore, we reverse the county court's order and render judgment upholding the administrative suspension of Lavender's driver's license.

---

**15.** Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex.Gen. Laws 3515, 3520 *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1025, 1871–72 (current version at TEX.TRANSP.CODE ANN. § 524.002 (Vernon Pamph.1996)).

**16.** Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex.Gen. Laws 3515, 3520 *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex.Gen. Laws 1025, 1870–71 (current version at TEX.TRANSP.CODE ANN. § 524.041(a) (Vernon Pamph.1997)).