# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-07-00380-CV

**Harold Granek, M.D., Appellant**

**v.**

**Texas State Board of Medical Examiners and Donald W. Patrick, M.D., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-05-000994, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal marks the second time we have had occasion to review the ongoing dispute between appellant Harold Granek, M.D., and appellees the Texas State Board of Medical Examiners and Donald Patrick, M.D.[1] In this instance, Granek appeals from the Board's final order issued February 4, 2005, which extended the suspension of his license to practice medicine, stay of suspension, and probationary period from three to six years. Because we conclude that the Board had authority to pursue enforcement action against Granek, that its order was neither arbitrary nor capricious and was supported by substantial evidence, we affirm the district court's judgment affirming the Board's final order.

---

[1] We refer to the Board and its executive director collectively as "the Board."

# FACTUAL AND PROCEDURAL BACKGROUND

The factual history of this case was set forth in our prior decision, *Granek v. Texas State Bd. of Med. Exam'rs*, 172 S.W.3d 761, 765-70 (Tex. App.—Austin 2005, pet. denied), and the parties do not dispute the relevant facts. Therefore, we present only those facts relevant to the disposition of the case now before us.

## *The Original Proceedings*

The Board initially sought to revoke Granek's license to practice medicine for violations of the Medical Practice Act.[2] *See* Tex. Occ. Code Ann. § 164.001 (West 2004). After a contested case hearing, the Board issued a final order immediately revoking Granek's license to practice medicine. *See Granek*, 172 S.W.3d at 768. Granek sought judicial review of the Board's order and injunctive relief to prevent enforcement of the Board's order during the pendency of the administrative appeal. *See* Tex. Occ. Code Ann. §§ 164.009 (judicial review), .011 (stay of agency disciplinary order pending appeal) (West 2004). The district court granted a temporary restraining order enjoining the Board from enforcing its final order and expressed some concern "that the Board's allegations against Granek were stale and that revocation was a disproportionate penalty." *Id.* at 769. At the hearing on the temporary injunction, the Board requested a limited remand so that it could reconsider the revocation sanction that it had assessed against Granek. *Id.* Granek did not oppose this request, but asked the district court to grant injunctive relief in the interim to prevent the Board from enforcing its still live order. *Id.* In a written order, the district court enjoined the Board

---

[2] The Medical Practice Act is codified in subtitle B of the Texas Occupations Code. *See* Tex. Occ. Code Ann. §§ 151.001-165.160 (West 2004 & Supp. 2007).

2

from enforcing its final order, but remanded the cause to the Board for the limited purpose of reconsidering the penalty assessed against Granek. *Id.*

On remand, the Board issued a final order revising the penalty against Granek from immediate revocation to a three-year probated license suspension, subject to sixteen terms and conditions. *Id.* The Board's first condition was "Respondent shall not examine or treat patients." *Id.* The Board also assessed a $25,000 administrative penalty.[3] *Id.* On September 23, 2002, the Board issued an "Amended Final Order," which corrected the first condition to read: "Respondent shall not examine or treat *female* patients." *Id.* (emphasis added). Granek did not file a motion for rehearing regarding the Board's Amended Final Order.

Shortly before the injunction against the Board's original order was to expire, Granek obtained a new temporary injunction enjoining the Board from enforcing its original order pending judicial review of the Board's Amended Final Order. *Id.* at 770. Importantly, however, Granek never sought injunctive relief against the Board's enforcement of its Amended Final Order.

On appeal from the Board's Amended Final Order, the district court rendered judgment reversing and remanding the Board's order finding that there was no evidence to support the Board's imposition of a $25,000 administrative penalty against Granek. *Id.* The district court affirmed the Board's order in all other respects. *Id.* Granek filed a motion for new trial and motion to modify or reform judgment, which was denied by the district court. Granek then appealed the district court's judgment affirming the Board's order to this Court. *Id.*

---

[3] As noted in our prior opinion, the Board assessed an administrative penalty against Granek notwithstanding its finding that "there is insufficient evidence to determine an appropriate administrative penalty against Respondent." *See Granek v. Texas State Bd. of Med. Exam'rs*, 172 S.W.3d 761, 769 (Tex. App.—Austin 2005, pet. denied).

At the time of his appeal, Granek sought a writ of mandamus and emergency relief from this Court, which were denied. *See In re Granek*, No. 03-03-00676-CV (Tex. App.—Austin Dec. 10, 2003), *available at* http://www.3rdcoa.courts.state.tx.us/opinions/HTMLOpinion.asp? OpinionID=12392.[4] This Court affirmed the district court's judgment in part, reversed in part, and remanded to the Board for further proceedings. *Granek*, 172 S.W.3d at 782.

***Proceedings Now on Appeal***

While Granek's original appeal was pending in this Court, the Board considered the district court's judgment in an open meeting. During the meeting, the Board adopted a resolution, "accepted the district court's judgment[,] and opted to take no further action regarding the imposition of any administrative penalty against Granek." *Id.* (internal quotation omitted). Also at this open meeting, the Board directed its staff to investigate whether Granek had violated those terms and conditions in the Amended Final Order that were affirmed by the district court. Finding evidence that Granek had continued to treat female patients despite the Board's disciplinary order, the Board sought to enforce its Amended Final Order, as affirmed by the district court, against Granek. After a contested case hearing, the Board determined that Granek had violated the terms of the Amended Final Order by treating female patients. As a sanction for these violations, the Board extended Granek's probated license suspension from three to six years. The district court affirmed the Board's final order. Granek now appeals the district court's judgment.

---

[4] The supreme court also denied Granek's petition for writ of mandamus and motion for emergency stay. *See In re Granek*, No. 03-1166 (Tex. Jan. 9, 2004) (letter ruling). A copy of the supreme court's letter ruling is included in the record before us on appeal.

**DISCUSSION**

Granek brings four claims on appeal. He argues that the Board did not have an order to enforce on February 4, 2005, when it rendered the final order that is the subject of this appeal. Granek further complains that the Board's final order is not supported by substantial evidence, the Board acted arbitrarily and capriciously, and the district court erred in affirming the Board's final order. Because we conclude that nothing prevented the Board from enforcing its Amended Final Order as affirmed by the district court's judgment, that the Board did not act arbitrarily or capriciously, and that the Board's final order was supported by substantial evidence, we reject Granek's complaints and affirm the district court's judgment.

***Standard of Review***

We review the Board's final order under the substantial evidence rule. *See* Tex. Occ. Code Ann. § 164.009 & revisor's note (West 2004); Tex. Gov't Code Ann. § 2001.174 (West 2000); *Ramirez v. Texas State Bd. of Med. Exam'rs*, 995 S.W.2d 915, 919 (Tex. App.—Austin 1999, pet. denied). Under substantial evidence review, we presume the Board's order is supported by substantial evidence, and the complaining party bears the burden of proving otherwise. *Texas Health Facilities Comm'n v. Charter Medical-Dallas, Inc.*, 665 S.W.2d 446, 453 (Tex. 1981). The complaining party cannot satisfy this burden merely by showing that evidence preponderates against the agency's decision. *Id.* at 452. The true test is not whether we believe the agency's decision was correct, but whether there is a reasonable basis in the record to support the agency's action. *Id.* If substantial evidence would support either affirmative or negative findings, a reviewing court must resolve any conflict in favor of the agency's decision and uphold the agency's order. *Id.* at 453. We

5

may not substitute our judgment for that of the agency on the weight of the evidence on questions committed to the agency's discretion. *Id.* at 452; *see also* Tex. Gov't Code Ann. § 2001.174. We may reverse an agency's decision that prejudices substantial rights of the complaining party if the decision is in violation of a constitutional or statutory provision, in excess of the agency's authority, made through unlawful procedure or affected by other error of law, not reasonably supported by substantial evidence, or arbitrary or capricious or characterized by an abuse of discretion. Tex. Gov't Code Ann. § 2001.174(2)(A)-(F).

*Waiver*

As a preliminary matter, the Board argues that Granek has waived all of his complaints by failing to bring them in his original appeal of the Board's Amended Final Order. In his original appeal, Granek challenged the Board's decision "that grounds exist[ed] for discipline and imposing sanctions against him." *See Granek*, 172 S.W.3d at 770. In this appeal, Granek does not challenge the Amended Final Order itself. Instead, Granek's challenges are directed towards the Board's final order *enforcing* the Amended Final Order. Because we construe Granek's instant appeal as a challenge to the Board's authority to enforce the Amended Final Order and not as a direct challenge to the Amended Final Order, we disagree with the Board's contention that Granek was necessarily required to bring his complaints in the earlier appeal. Therefore, we reject the Board's argument that Granek has waived his complaints. We now turn to the merits of Granek's complaints on appeal.

6

### *Did the Board have a final order to enforce?*

In his first issue on appeal, Granek asserts that the Board did not have a final order to enforce when it adopted the final order that is the subject of this appeal on February 4, 2005. We disagree.

In Granek's original appeal of the Amended Final Order, the district court only reversed in part—that is, the district court only reversed that portion of the Amended Final Order that imposed a $25,000 administrative penalty against Granek. The district court affirmed the remainder of the Amended Final Order. This is confirmed by the district court's final judgment, which states, "The action of the Texas State Board of Medical Examiners is AFFIRMED in all other respects."

Granek argues that the district court's judgment reversed and remanded *the entire case* to the Board and that the Board was required to enter a new order before taking enforcement action. In support of this argument, Granek cites section 2001.174(2) of the Administrative Procedure Act. *See* Tex. Gov't Code Ann. § 2001.174(2). Granek argues that section 2001.174(2) requires a reviewing court to "reverse or remand the case for further proceedings" if the "agency violates the APA." Because Granek reads this portion of the statute out of context, his reliance on section 2001.174(2) is misplaced.

Granek's argument presents a matter of statutory construction, which we review *de novo*. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000). When construing a statute, our primary focus is to determine and give effect to the legislature's intent. *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). We begin with the plain language of the statute. *Id.*; *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). We determine

legislative intent from the entire statute and not just isolated portions. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

Section 2001.174(1) states that a reviewing court "may affirm the agency decision in whole or in part." Tex. Gov't Code Ann. § 2001.174(1). By its plain language this portion of the statute allows a reviewing court to affirm the agency's decision *in whole or in part*. *Id.* Section 2001.174(2) provides that a reviewing court "shall reverse or remand the case for further proceedings" if substantial rights of the appellant have been prejudiced and the agency's decision is in error. *Id.* § 2001.174(2). While section 2001.174(2) requires a reviewing court to reverse or remand the case for further proceedings in the face of agency error, that section must be read in conjunction with section 2001.174(1). Reading these two sections together, we do not construe section 2001.174(2) as a limitation on the court's ability in section 2001.174(1) to affirm an agency decision in whole or in part. We believe the statute means what it says in section 2001.174(1)—a reviewing court may affirm part of an agency's order while also reversing part of that same order. Because the district court in this case reversed only that portion of the Amended Final Order imposing an administrative penalty against Granek and affirmed the Board's order "in all other respects," we reject Granek's argument that the district court reversed and remanded the entire case to the Board.

We likewise reject Granek's argument that the Board was required to enter a new order on remand. By affirming the Board's order "in all other respects," the district court confirmed that, with the exception of the administrative penalty, the Board's Amended Final Order was valid and remained in full force and effect. Because the Board chose to accept the district court's

8

judgment and take no further action regarding the administrative penalty, there was nothing for the Board to change. Stated differently, the Board had no reason to issue another final order because the Amended Final Order already stated the Board's decision as it was affirmed by the district court. Moreover, section 2001.1775 of the APA expressly precludes an agency from modifying its findings or decision in a contested case after proceedings for judicial review have begun. Tex. Gov't Code Ann. § 2001.1775 (West 2000). Thus, the Board could not have issued another final order even if it had wanted to do so. *See id.* We overrule Granek's first issue.

### *Was the Board's order supported by substantial evidence?*

In his second issue, Granek continues to assert that there was no valid and enforceable order to support the Board's conclusion that Granek had violated the terms of the previous order. As noted above, however, we have rejected this claim. Because the district court affirmed the Amended Final Order "in all other respects," those portions of the order affirmed by the district court remained valid and enforceable. Thus, in the absence of a stay or injunction, Granek was not free to disregard the terms and conditions of the Amended Final Order to the extent those terms and conditions were affirmed by the district court. *See* Tex. Occ. Code Ann. § 164.011(b) (West 2004).

Granek's own actions taken after the district court rendered its judgment on September 4, 2003, affirming the Amended Final Order in part and reversing in part belie his contention that he was not bound by those portions of the order that the district court affirmed. The record before us reflects that Granek filed a motion for new trial, motion to modify and reform the district court's judgment of September 4, 2003, arguing that he did not understand the effect of the district court's judgment. The district court denied Granek's motions. The transcript from the

9

hearing on these motions further reveals that Granek had already presented the same arguments at trial that he re-urged in his motion and that those arguments were previously denied by the district court when it entered its final judgment.

Thereafter, Granek filed a motion for emergency relief and a petition for writ of mandamus in this Court, which were denied.[5] In this motion and petition, Granek sought relief from the district court's judgment and denial of his post-trial motions. He did not seek to stay or enjoin the enforcement of the Board's Amended Final Order as that order was affirmed in the district court's judgment. After this Court denied emergency relief and denied Granek's petition for writ of mandamus, Granek filed a motion for emergency relief and a petition for writ of mandamus in the Texas Supreme Court, which were also denied.[6] Again, in his motion and petition filed with the supreme court, Granek did not seek to stay or enjoin the enforcement of the Board's Amended Final Order as that order was affirmed by the district court's judgment.

Finally, Granek filed a suit for declaratory judgment in the district court seeking a declaration regarding the enforceability of the Board's order while on appeal to this Court in the original appeal. At the hearing in the suit for declaratory judgment, Granek admitted that, under the APA, the filing of an appeal does not stay an administrative agency's order unless an appellant seeks other relief. *See* Tex. Gov't Code Ann. § 2001.176(b)(3) (West 2000); *see also* Tex. Occ. Code Ann. § 164.011(b) (providing that a physician may not practice medicine or deliver health care services in violation of a disciplinary order or action of the board while an appeal is pending unless the order

---

[5] These documents are included in the record before us on appeal.

[6] These documents are also included in the record before us on appeal.

or action is stayed by the appropriate court). Thus, Granek's own statements cast doubt on his contention that there was no valid and enforceable order. Granek's statements at the hearing in his suit for declaratory judgment demonstrate Granek's awareness that, to the extent it was affirmed by the district court in the judgment entered September 4, 2003, the Board's Amended Final Order remained valid and enforceable regardless of the fact that his appeal was pending.

Granek's statements are consistent with the law on this issue. Section 2001.176(b)(3) states that when the manner of review of an agency's decision is other than by trial *de novo*, "the filing of the petition [for judicial review] . . . does not affect the enforcement of an agency decision." Tex. Gov't Code Ann. § 2001.176(b)(3). Caselaw also provides that a petition for judicial review under the substantial evidence rule does not act to supersede, or vacate, the agency's decision. *See Southern Canal Co. v. State Bd. of Water Eng'rs*, 318 S.W.2d 619, 622 (Tex. 1958) (substantial evidence review is "a review of the reasonableness of the Board's order and directly negat[es] any idea that the Board's order is vacated or nullified by the filing of the suit"); *Everett v. Texas Educ. Agency*, 860 S.W.2d 700, 703 (Tex. App.—Austin 1993, no writ). Moreover, section 164.011(a) of the occupations code, which governs license status pending appeal, states that the Board's decision on a disciplinary matter may not be enjoined or stayed except on application to the appropriate court. Tex. Occ. Code Ann. § 164.011(a). Section 164.011(b) further provides that a physician may not continue to practice medicine or deliver health care services in violation of a disciplinary order while an appeal is pending unless that order is stayed by an appropriate court. *Id.* § 164.011(b).

11

We conclude there is nothing in the record to demonstrate that the Board's Amended Final Order as it was affirmed by the district court was stayed or enjoined pending Granek's original appeal. Because the Amended Final Order required Granek to refrain from seeing female patients and there is no dispute that Granek continued to see some 580 to 600 female patients between September 4 and November 3, 2003, we conclude there was substantial evidence to support the Board's determination that Granek violated a previous order of the Board. Having concluded there was no stay or injunction in place that precluded the Board from enforcing its previous order, we likewise conclude that the Board's final order of enforcement was supported by substantial evidence.[7] We overrule Granek's second issue.

***Was the Board's order arbitrary or capricious?***

In his third issue, Granek argues that the Board's action was arbitrary and capricious because the Board failed to follow its own rules and the APA and as a result there was no valid and enforceable order for the Board to enforce. Because we have previously concluded that the Board's Amended Final Order as it was affirmed by the district court was a valid and enforceable Board order, we overrule Granek's third issue.

***Did the district court err in affirming the Board's final order?***

In his fourth issue, Granek maintains that the district court erred in affirming the

---

[7] To the extent Granek has preserved his complaints, we have addressed them. Granek's brief lists several findings of fact and conclusions of law that he claims are "inaccurate" or "conclusionary." Because Granek cites no record references in support of these claims and does not otherwise brief or explain these challenges, they are waived. *See Hooks v. Texas Dep't of Water Res.*, 645 S.W.2d 874, 883 (Tex. App.—Austin 1983, writ ref'd n.r.e.) (failure to properly brief claims on appeal waives error).

12

Board's final order. Granek does not separately brief this issue on appeal. Rather he appears to include this issue as a related issue in all of his other issues asserted on appeal. Having already considered and overruled Granek's other issues, we find no error in the district court's judgment affirming the Board's order on appeal. We therefore overrule Granek's fourth issue.

## CONCLUSION

Having concluded that the Board properly pursued enforcement action against Granek, that the Board's final order was neither arbitrary nor capricious, and that it was supported by substantial evidence, we affirm the district court's judgment.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   March 19, 2008

13